(No. 35390.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JIMMIE JACKSON, Plaintiff in Error.

*Opinion filed November 30, 1961.*

CHARLES J. CALDERINI, JR., and EDWARD R. FINNEGAN, both of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (JOHN T. GALLAGHER and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, Jimmie Jackson, was convicted of the crime of armed robbery after a jury trial in the criminal court of Cook County and was sentenced to the penitentiary for a term of not less than ten nor more than twenty years. He has sued out this writ of error for review.

On December 31, 1957, about 9:30 A.M., Edward Harris, the owner of a grocery store in Chicago, was held up by an armed robber at his place of business and robbed of a sum he estimated to be $150. The money taken was in change and small bills, and it appears that another man had come into the store to make some small purchases immediately before the appearance of the armed robber. Persons outside the store saw four men drive away in a blue Oldsmobile with one license plate, and this information, together with a description of the men who had been in the store, was communicated to the police. One hour later, several

miles from the scene of the crime, defendant, together with Isaac Hoskins, James Shanklin and Rick Taylor, were arrested by an officer who had heard a description of the car and its occupants over police radio. Other officers, including members of a city-wide task force, came to the scene of the arrest and a pistol was found behind the cushion in the rear seat of the car. A search of the men taken into custody produced change and small bills in the following amounts: Defendant—$10; Hoskins—$13.84; Taylor—$14.25; and Shanklin—$14.05.

At about 1:00 P.M. Harris came to the police station in the district where the arrest had occurred and identified defendant as the armed robber, and Hoskins as the man who had preceded defendant into the store. He could not identify Taylor or Shanklin as having any connection with the robbery. The four men were held at the station and were questioned "on and off," both singly and collectively, with Hoskins and Shanklin refusing to answer any questions. At about 3:00 P.M., task force detectives arrived at the station and under their questioning defendant made an oral admission of guilt, while Taylor made an exculpatory statement. Defendant's statement, which implicated all four men, was then typed and ultimately signed by him at about 6:30 P.M. He was not taken before a magistrate at any time on December 31 and, since the ensuing day was a legal holiday, it was not until January 2 that he was produced before a judicial officer.

At the trial the confession was admitted into evidence over defendant's objection and the errors here assigned go largely to the question of its admissibility. Outside of the element of alleged illegal detention, no claim is made in this court that improper methods of physical or psychological coercion were used to obtain the confession against the defendant's will.

Section 7 of division VI of our Criminal Code directs that a person arrested without a warrant shall be taken be-

fore a magistrate "without unnecessary delay," (Ill. Rev. Stat. 1957, chap. 38, par. 660,) and defendant calls our attention to the fact that Rule 5 of the Federal Rules of Criminal Procedure contains an identical command to Federal officers. It is defendant's first contention that there was unnecessary and thus illegal delay in taking him before a magistrate and, pointing to the sameness of our statute and the Federal rule, he urges that this court should adopt a Federal rule of evidence first promulgated in *McNabb* v. *United States,* 318 U.S. 332, 87 L. ed. 819, to hold that a confession given during the period of such illegal delay or detention is, without regard to the voluntary or involuntary character of the confession, inadmissible in evidence. More specifically, it is defendant's claim that his identification by Harris at 1 :00 P.M. was sufficient to support formal charges against him, that delay from such point on was unnecessary and illegal, and that by virtue of the *McNabb* rule we should hold that the confession given during the period of illegal delay was inadmissible in evidence. Even under the *Mc-Nabb* rule, however, delay after a confession has been voluntarily given will not relate back so as to render the confession inadmissible, (*United States* v. *Mitchell,* 322 U.S. 65, 88 L. ed. 1140,) thus defendant's contention could be sustained only if the delay of approximately five hours between his identification and the signing of his confession could be deemed to be unreasonable delay.

Other than to point out that the *McNabb* rule is but a rule of evidence for criminal trials in the Federal courts, and that it does not arise from constitutional sources so as to extend to State prosecutions as a requirement of the fourteenth amendment, (*Gallegos* v. *Nebraska,* 342 U.S. 55, 63-64, 96 L. ed. 86, 93-94; *Stein* v. *New York,* 346 U.S. 156, 187-188, 97 L. ed. 1522, 1544; Annotation, 1 L. ed.2d 1735, 1738,) we see no useful purpose in further exploring into the rationale, elements and scope of the rule. In our view of the present record, the basic premise of defendant's

entire argument, *viz.*, that there was unnecessary and illegal delay in taking him before a magistrate, is ill-founded. Such being the case, any question of whether we should depart from our express rejection in *People* v. *Hall,* 413 Ill. 615, 623-624, and adopt the arbitrary and rigid rule of exclusion for which the *McNabb* case stands becomes moot.

Statutes requiring that arrested persons be taken promptly before a judicial officer have been adopted by nearly all of the States as well as the Federal government. And while such statutes, like our own, require by their terms that law enforcement officers perform such duty "forthwith," "immediately," or "without unnecessary delay," courts have uniformly held that some latitude is allowed, and that the duty must be performed with such reasonable promptness and dispatch as the circumstances may permit. (See: 6 C.J.S., Arrest., sec. 17b; 4 Am. Jur., Arrests, sec. 70; and cases there cited.) In short, no arbitrary rule may be judicially fixed, but whether there was or was not unreasonable delay must be determined from all the facts and circumstances of the particular case.

Two prior decisions of this court have persuasive application here and serve in particular to refute defendant's argument that any delay after the time he was identified by Harris was unreasonable and illegal delay. In *People* v. *Scott,* 401 Ill. 80, the accused took indecent liberties with a child on February 5, 1947, and this fact was communicated to the State's Attorney the morning of the following day. After a warrant had been issued, the accused was arrested about 6:00 or 6:30 P.M. on February 6, and the time until 11:00 o'clock that night was taken up with examination by officers and the signing of a confession. Early the next day the accused was taken before a magistrate and released on bail. When the cause came to this court for review, it was held there was no unlawful detention and that the accused had not been denied either statutory or

constitutional rights because he had not been immediately arraigned before a magistrate.

*People* v. *Kelly,* 404 Ill. 281, has many parallels to the present case. There, a holdup was committed by three men at about 3 :45 P.M. on a Saturday afternoon. A bystander copied the license number of an automobile used by the robbers and the police ascertained that the license had been issued to Kelly. The latter was arrested about 9 :00 o'clock on Saturday night and, shortly thereafter, was identified in a police lineup by two of the victims. It was not until the following Tuesday, however, that he was taken before a magistrate. In the interim, Kelly had made a confession on Sunday night, while Kelly and one Koch, the latter an accomplice who was not arrested until Monday, made a joint confession on Monday morning. When Kelly complained on review that his detention from Saturday night until Tuesday was unlawful, this court rejected the claim and held there was no unreasonable delay in taking him before a magistrate in view of the circumstance that the crime was not fully solved until the second confession was obtained on Monday morning.

Here the period of detention is measured in hours instead of days. Moreover, there are other circumstances which point up that the delay was neither unreasonable nor unnecessary. The period of approximately five hours that elapsed between the time defendant was identified and the time he signed his confession was not taken up with the examination of defendant alone, but also with the interrogation of the three men arrested with him, and with the typewritten preparation of both defendant's confession and Taylor's exculpatory statement. Since four men were questioned both separately and together in the brief period before defendant orally admitted his guilt, we cannot say the time consumed exceeded reasonable routine. It appears, too, that some of the time was consumed by the preparation of

reports by the arresting officers and by the formal booking of all four men.

From all of the circumstances, we conclude there was no unreasonable delay or illegal detention so as to deny defendant the statutory right upon which he relies. The legislative directions that an accused be taken before a magistrate "forthwith" or "without unnecessary delay" cannot mean that police officers must forsake all other duties to comply, and neither can they mean that the police do not have reasonable latitude to fully investigate a crime.

What we have said disposes of defendant's further contention that the admission of the confession obtained during "unlawful detention" deprived him of due process of law. There was no unlawful detention. Furthermore, while we have recognized that illegal detention is a circumstance to be considered in determining the voluntary or involuntary character of a confession, (*People* v. *La Frana*, 4 Ill.2d 261; *People* v. *Hall*, 413 Ill. 615,) it is well established that detention without process does not in itself render a confession inadmissible if it was otherwise voluntary, (*People* v. *Miller*, 13 Ill.2d 84; *People* v. *Lazenby*, 403 Ill. 95,) and that such a State rule does not abridge the fourteenth amendment. *Stein* v. *New York*, 346 U.S. 156, 97 L. ed. 1522.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*