(No. 37566.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RUDOLPHUS FARMER, Plaintiff in Error.

*Opinion filed September 27, 1963.*

ABRAMS, LINN AND NESS, of Chicago, (MARVIN SILVERMAN, appointed by the court, of counsel,) for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

Following a trial by jury in the criminal court of Cook County, the defendant, Rudolphus Farmer, was convicted of the murder of Ray Smith and sentenced to imprisonment in the penitentiary for 25 years. He has sued out this writ of error to review the judgment.

The facts of the case are essentially undisputed. On the evening of August 14, 1959, defendant went to the apartment of Cleo Williams at her invitation. When he arrived, Ray Smith and Cleo were there with Cleo's five children. Defendant had been Cleo's "boy friend" for four years, but Ray was her new "boy friend." There was no argument, but defendant played with the children for a while, and then left the apartment. He talked to Cleo in the hallway, and said he was going home. When Cleo went in her apartment, defendant was standing at the stairs about 12 feet from her door and Smith was standing by the door with his hands in his pockets. As soon as she got in the apartment she heard defendant say, "Don't come my way." She then heard a gun shot and then two or three more shots. After the shooting stopped, she waited. two or three minutes, and opened the door and Smith's body fell inside. Police investigation revealed three spent Luger cartridges at the scene. Smith's body was found in the doorway with two bullet wounds which were the cause of death. A search of the deceased revealed no knife or other weapon.

The following afternoon defendant surrendered himself to the police after consulting an attorney. He gave a voluntary oral statement that was later reduced to writing and admitted in evidence without objection. The statement essentially corroborated the testimony of Cleo. He added that he kept his loaded gun, a German Luger, hidden in Cleo's apartment. When he went to her apartment, he played with the children and got the gun and placed it in his belt. He was then talking to Cleo in the hall. The deceased

came to the door and said, "What's happening out there?" and defendant said, "What do you mean? What the hell do you care." Defendant then made the following statement regarding the actual shooting: "He had his hand in his pocket and he come up on me. I said, 'Get back there. Don't come up on me.' And he kept on coming and I took my gun and start shooting. That's all I would like to answer."

Defendant's theory of the case is that the evidence together with the voluntary statement is insufficient to sustain a conviction, and the evidence failed to show either intent or malice beyond a reasonable doubt.

Defendant relies on the often stated principle that a voluntary confession alone will not sustain a conviction. However, as we stated in *People* v. *Miller*, 13 Ill.2d 84, 105: "The true rule is that although a mere, naked confession, uncorroborated by any circumstances inspiring belief in its truth, is insufficient to convict, the *corpus delicti* is not required to be proved by evidence *aliunde* the confession or admissions of the accused. It is not essential that the *corpus delicti* shall be established by evidence other than that which tends to connect the accused with the crime. The same evidence may be used to prove the existence of the crime and the guilt of the defendant. The test is whether the whole evidence proves the facts that a crime was committed and that the accused committed it." We think that rule is applicable here. The deceased died of gunshot wounds immediately subsequent to a warning by defendant. No other person was in the hallway. The statement of defendant was substantially corroborated by Cleo Williams and the police investigation. We think it clear that the *corpus delicti* was proved beyond a reasonable doubt.

It is undisputed that defendant deliberately shot the deceased who was unarmed. The only claim of justification or provocation is that deceased was approaching him with his hand in his pocket. The record is devoid of any evidence

of a threat by deceased, or any act that would arouse an uncontrollable passion. Nor does the record indicate any basis for a claim of self-defense.

While malice is an essential element of the crime of murder, it is well established that malice is implied when all of the circumstances of the killing show an abandoned and malignant heart. It is not necessary to justify a conviction of murder that the accused should have deliberately formed an intent to kill. It is sufficient if at the instant of the assault he is actuated by the wanton and reckless disregard for human life that denotes malice. *People* v. *Jones,* 26 Ill.2d 381; *People* v. *Jordan,* 18 Ill.2d 489.

The evidence clearly sustained a conviction of murder.

Defendant also seeks a reversal of his conviction on the ground of improper argument of counsel. The remarks objected to followed the observation that defendant consulted an attorney prior to making his voluntary statement. The assistant State's Attorney argued as follows: "Now what took place there is something we can only surmise but we can infer. In all probability he discussed with his attorney this question. He went in there and said, 'I shot a man. What can I do?' That's a reasonable inference and I think that he was finally told to give himself up, which he did. But then, they had to come up with something. Something had to be determined, some defense had to be determined, because nobody wants to stand accused of murder without defense whatsoever."

Defendant's objection to this line of argument was immediately sustained and the jury was instructed to disregard it. We believe that the prompt ruling of the trial court removed the prejudice that would otherwise have arisen from the argument. This case is unlike *People* v. *Freedman,* 4 Ill.2d 414, where objections to repeated suggestions of subornation to perjury by a "clever lawyer" were overruled. Upon the record before us we cannot see how the jury could have reached a different result.

The defendant received a fair trial and all elements of the crime of murder were proved beyond a reasonable doubt. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*