(No. 39119.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* RUDOLPHUS FARMER, Appellant.

*Opinion filed March 24, 1966.*

RONALD L. COHEN, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and CARMEN SPERANZA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Rudolphus Farmer was convicted of murder in 1959 and sentenced to the penitentiary for a term of 25 years.

We reviewed and affirmed his conviction in *People* v. *Farmer,* 28 Ill.2d 521. Six months later he filed a petition under the Post-Conviction Act in the circuit court of Cook County alleging his counsel had not properly represented him during his trial because he failed to question a People's witness concerning allegedly conflicting statements made by the witness at the trial and at the inquest. The court dismissed this petition on the People's motion.

It is argued that the court erred in dismissing the petition without a hearing. The record shows defendant was represented by counsel of his choice at his trial. In *People* v. *Kirkwood,* 17 Ill.2d 23, (*certiorari* denied 363 U.S. 847, 80 S. Ct. 1623, 4 L. Ed. 2d 1730,) we stated, "Defendant was represented at his trial by counsel of his own choice and the trial judge in the post-conviction proceeding was correct in his ruling that defendant's allegation that his counsel was incompetent was insufficient to require a hearing." (17 Ill.2d 23, 25; *People* v. *Nischt,* 23 Ill.2d 284.) Alleged incompetency of counsel of defendant's choice presents no constitutional question. *Davies* v. *People,* 10 Ill.2d 11.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*