(No. 41299.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JASPER NELSON, Appellant.

*Opinion filed March 27, 1969.*

WARD, J., took no part.

MARTIN STARR, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES R. KAVANAUGH, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

On January 24, 1962, defendant, Jasper Nelson, was indicted for murder in connection with a December 10, 1961, shooting. On January 30 a lawyer retained for defendant by his wife filed his appearance for defendant. On March 6 defendant appeared with his counsel, withdrew his plea of not guilty, waived a jury trial and entered a plea of guilty. He was thereafter sentenced to 14 years imprisonment.

Defendant's post-conviction petition (Ill. Rev. Stat.

1965, ch. 38, art. 122) was filed on October 31, 1966. It alleges that the representation of defendant by his counsel (who had died in 1965) was so inadequate as to constitute a denial of due process under the Federal and State constitutions. This appeal is from the judgment dismissing the petition as insufficient to raise a constitutional issue. For the reasons hereinafter stated we affirm.

The petition alleged defendant was employed by decedent in the "gambling establishment" owned by decedent and located in the rear of decedent's barber shop; that defendant had a good defense to the murder charge in that defendant shot decedent when the latter "went into his pocket" while threatening to kill defendant because defendant "was not running the Black Jack game correctly." It further states defendant "entered a plea of guilty * * * upon [his attorney's] advice and importuning" and "because of threats of [his attorney] telling [defendant] that if he did not plead guilty he would die in the electric chair"; that defendant's attorney did not interview defendant, nor make any preparation for trial. Attached to the petition were affidavits of two persons, one of whom was apparently defendant's wife; the contents of the affidavits are largely irrelevant to the issue here, except that they do indicate the wife apparently sought to persuade defendant's attorney to seek a continuance rather than to enter a guilty plea.

The report of proceedings at the time defendant changed his plea was considered by the post-conviction judge. It contained the following admonitions by the sentencing judge:

"THE COURT: Mr. Nelson, your counsel indicated here that on this charge of murder you wish to withdraw the plea of not guilty and enter a plea of guilty to this indictment. I wish to advise you that by so doing—I wish to advise you first that you are entitled to be tried by a jury if you so desire, that by withdrawing your plea of not guilty and entering a plea of guilty to this

charge of murder you are thereby waiving your right to a trial by jury. Do you understand that, Mr. Nelson?

DEFENDANT NELSON: Yes, your honor.

THE COURT: And you are pleading guilty to this charge of murder?

DEFENDANT NELSON: Yes.

THE COURT: I wish to advise you further that on your plea of guilty that this court could give you a sentence to the Illinois State Penitentiary for any number of years not less than fourteen, or the Court may impose life imprisonment, or the extreme penalty which is death in the electric chair. Now, being so advised, do you still persist in pleading guilty to this charge of murder?

DEFENDANT NELSON: Yes."

The State now argues that where a defendant was represented by retained counsel in the proceedings wherein he was convicted, the quality of that representation cannot present a "viable constitutional issue" in the context of the Post-Conviction Hearing Act. We need not, however, go so far in order to decide this case. It is our rule that one who chooses his own counsel, or acquiesces in the selection by another, cannot ordinarily claim a denial of due process because of his lawyer's shortcomings (*People* v. *Farmer,* 34 Ill.2d 218; *People* v. *Kirkwood,* 17 Ill.2d 23, *cert.* den. 363 U.S. 847, 4 L. Ed. 2d 1730, 80 S. Ct. 1623; *People* v. *Cox,* 12 Ill.2d 265; *Mitchell* v. *People,* 411 Ill. 407), but we have also indicated that where such representation is so grossly inadequate as to reduce the proceedings to a farce, a constitutional issue cognizable in a post-conviction proceeding may be present. *Cox,* p. 271; *People* v. *Somerville, ante,* at p. 1.

If, as we have indicated in the cases above cited, questions as to the quality of representation by retained counsel ordinarily pose no constitutional issue, it seems clear that no such issue is presented here. While defendant alleges he

"desired to enter a plea of not guilty but was not given the opportunity to do so" because of the threats of his attorney, the record establishes that he did originally enter a not guilty plea and that his withdrawal of that plea and entry of a plea of guilty was permitted only after he had personally assured the court that such was his wish. He not only failed to complain then of the inadequacy of representation by his retained counsel whom he now alleges to have been "wholly incompetent", but he waited some 4½ years before doing so. Then, for the first time he brought to a court's attention his allegations that his plea was induced by his attorney's threats. Coincidentally or otherwise, the one person who might successfully contradict that allegation was not living at the time it was first presented. When the post-conviction judge indicated some incredulity, the attorney (other than counsel here) then representing defendant attempted to explain by telling the court the petition "was prepared approximately two years ago" (the jurat is dated six days before it was filed). But, even if the explanation was factually accurate, there was a lapse of some 2½ years.

Where a defendant has unreasonably delayed presentation to any judge of his complaints regarding improper conduct by his retained counsel who has meanwhile died, rendering impossible successful contradiction of defendant's allegations, denial of his post-conviction petition does not, in our judgment, offend due process concepts.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. Justice WARD took no part in the consideration or decision of this case.