(No. 41569.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* GEORGE GIBSON, Appellant.

*Opinion filed May 28, 1969.*

James M. Huck, Jr., of Wheaton, for appellant.

William V. Hope, State's Attorney, of Wheaton, (J. Michael Fitzsimmons, Jr., of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

The defendant, George Gibson, entered a plea of guilty in the circuit court of Du Page County to an indictment charging him with the crime of burglary and was sentenced to the penitentiary for a term of not less than 4 nor more

than 7 years. He filed a petition under the Post-Conviction Hearing Act and, after an evidentiary hearing, the petition was denied. He has appealed directly to this court from the post-conviction judgment.

The amended post-conviction petition filed by counsel charged that defendant's plea of guilty was induced by a promise of a 2-to-5-year sentence; that his confession and plea of guilty were induced by threats to implicate defendant's wife in the crime; that he was not advised as to his constitutional right to remain silent before he signed a confession; and that his request to call a lawyer before he signed the confession was denied.

The testimony as to the promise of 2-to-5-year sentence was conflicting. The defendant testified that shortly after he was released on bond he was advised that a police sergeant wanted to talk to him. He called the sergeant who told him that the State's Attorney would recommend a sentence of 2 to 5 years in return for a guilty plea. He rejected the offer at that time. He later had a conversation with his appointed counsel wherein he told him about this offer and the lawyer told him that he was lucky to get such a recommendation. The defendant became dissatisfied with the services of this lawyer and requested the appointment of another attorney. He testified that at the time he made this request the State's Attorney and the judge told him that if he pleaded guilty he would receive a 2-to-5-year sentence. The court granted the first attorney leave to withdraw and appointed new counsel. The new lawyer told him that he had conferred with the State's Attorney and that the offer of 2-to-5-year sentence was still in effect. Just prior to the entry of the guilty plea the defendant asked his attorney if the offer was still in effect and upon being assured that it was, defendant entered his plea of guilty. Defendant testified that he had never been advised that the 2-to-5-year promise had been withdrawn. Following the plea of guilty defendant filed an application for probation and the cause

was continued. On the subsequent date the court denied the application for probation, the prosecutor recommended a sentence of 5 to 10 years, and the judge sentenced the defendant to a term of 4 to 7 years. Defendant testified that after he received the 4-to-7-year sentence he argued with the judge and told him that he was supposed to receive a 2-to-5-year sentence and asked to withdraw his plea of guilty. Defendant testified that his attorney also told the court that there had been an agreement that the State would recommend a 2-to-5-year sentence.

The second attorney who had represented defendant at the time of his conviction testified at the post-conviction hearing that after his appointment he asked the prosecutor whether the offer to recommend a 2-to-5-year sentence was still effective and was advised that it was. He also testified that on the day the plea of guilty was entered the prosecutor confirmed that the offer to recommend that sentence was still in effect and that he so advised the defendant. The attorney testified that he never received any indication from the State's Attorney that the offer was withdrawn. Counsel testified that after the plea of guilty and before the sentence, he received information that the State was going to recommend a 5-to-10-year term and that he advised the judge of this fact and told the judge that the defendant had entered a plea of guilty relying on the promise of a 2-to-5-year recommendation and that he did not think it was right for the prosecutor to change his recommendation. Counsel testified that the judge did not say anything at that conference.

For the State, the police sergeant who talked to the defendant on the telephone testified that the call had not been initiated by him but that the defendant had called the sergeant and said that he wanted to enter a plea of guilty and that he would take 2 to 5. The sergeant told defendant that he would relay this information to the State's Attorney's office.

The assistant State's Attorney who allegedly made the

promise to defendant and his attorney, also testified at the post-conviction hearing. He testified that he told defendant's first attorney that he would recommend a sentence of 2 to 5 years if the defendant pleaded guilty, and that when the second attorney was appointed he told that attorney that the same offer would stand for a reasonable time. However, he told this attorney that the case was set for trial and witnesses had been subpoenaed and that if the defendant would not agree to accept that recommendation prior to June 20 all deals were off and that whether defendant went to trial or pleaded guilty, he took his chances. The defendant did not agree prior to that date and the case was set for trial on June 27. The prosecutor told defendant's counsel on June 20 that they were starting fresh and that all deals were off. On June 27 defendant waived his right to trial by jury and on June 28 he entered his plea of guilty. The prosecutor said that he had no recollection of any conference between defendant's counsel and the trial judge concerning the recommendation submitted by the State.

The first attorney who had represented the defendant at the time of his conviction testified that he had received an offer from the prosecutor to recommend a 2-to-5-year sentence and that he told the defendant of that offer but defendant did not accept it.

The judge who sentenced the defendant testified at the post-conviction hearing that there had been no conference between counsel and the court concerning the prosecutor's change in the recommendation. The judge stated that in the event there had been any such conversation he would have directed counsel for the defendant to move to withdraw the plea of guilty.

The record of the proceedings at the time of the defendant's plea was made a part of the post-conviction record. This record shows that the defendant was fully advised of his right to trial by jury and admonished as to the consequences of his plea. He was specifically asked whether he

had been made any promise or threat to cause him to plead guilty and he replied that he had not, and stated that he understood that his plea of guilty admitted that he did the things which were charged in the indictment. The record shows that at the time sentence was imposed the court considered the report of the probation officer and the statement of the prosecutor in aggravation, which showed a record of several misdemeanor convictions. The court asked the State for a recommendation and the prosecutor recommended a sentence of 5 to 10 years. The court then asked whether the defendant had anything to say before sentence was pronounced. The record shows that an inaudible discussion then occurred between defendant and his attorney, following which the defendant stated that he did not want to make any statement. The court then denied the application for probation and sentenced the defendant to a term of 4 to 7 years.

The record of the proceedings at the time of the plea and the sentence refutes defendant's testimony that he argued with the court after sentence was imposed and his testimony that he attempted to withdraw his guilty plea. The testimony of defendant's counsel and the prosecutor is in direct conflict concerning whether counsel had been notified that the offer of a 2-to-5-year recommendation had been withdrawn and the testimony of defendant's counsel and the judge are also in direct conflict concerning the alleged conference in chambers. It was the function of the post-conviction trial judge to determine the credibility of the testimony and his ruling indicates that he believed the testimony of the prosecutor and the trial judge. Accepting the testimony of these witnesses and considering the record of the sentencing proceedings, the trial court's ruling that the defendant failed to establish his charge was correct.

The defendant contends, however, that the court should not have permitted the assistant State's Attorney to testify. This assistant handled the post-conviction proceeding for the State and he joined in a motion to exclude all witnesses,

In spite of the exclusion order he remained in the courtroom and cross-examined the defendant's witnesses and introduced the testimony of three witnesses on behalf of the State before he testified. He was permitted to testify over the defendant's objection. This court has criticized the practice of permitting a prosecutor to remain in the courtroom after witnesses have been excluded and then testify on behalf of the State. (*People* v. *Crump*, 5 Ill.2d 251, 266; *People* v. *Botulinski*, 383 Ill. 608, 617.) However, it is the general rule that it is in the discretion of the trial judge whether a witness who has violated an exclusion order should be permitted to testify. (*People* v. *Nelson*, 33 Ill.2d 48, 53.) The issue as to the alleged promise was clearly framed by the amended post-conviction petition and the affidavit in support thereof, and the evidence on behalf of defendant conformed to the allegations of the petition. We do not believe that the State obtained any unfair advantage by reason of the fact that the assistant State's Attorney was present in the courtroom and heard the testimony and conducted the proceedings prior to his testimony.

We do not find it necessary to discuss in detail the circumstances surrounding the defendant's confession. Because of defendant's plea of guilty the confession was not introduced in evidence and its only relevance is in connection with the allegation that the confession contributed to inducing the plea of guilty. The plea of guilty was entered more than 5 months after the confession and the entire thrust of defendant's testimony was that he entered his plea of guilty because of his belief that he would receive a sentence of 2 to 5 years and not because of his prior confession. We are of the opinion that defendant failed to establish any causal connection between his confession and his plea. See *People* v. *Heirens*, 4 Ill.2d 131, 141.

The judgment of the circuit court of Du Page County is affirmed.

*Judgment affirmed.*