(No. 41871.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
PAUL DAVID KELLEY, Appellant.

*Opinion filed January 28, 1970.*

CHAPMAN, STRAWN & KINDER, of Granite City,
(CHARLES W. CHAPMAN, of counsel,) appointed by the
court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROLAND W. GRIFFITH, State's Attorney, of Alton, (JAMES B. ZAGEL, Assistant Attorney General, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

The circuit court of Madison County, in 1965, accepted the guilty plea of Paul David Kelley to the charge of murder and sentenced him to the penitentiary for a term of 50 to 100 years. A subsequent denial of his *habeas corpus* petition was affirmed by us in *People ex rel. Kelley* v. *Frye*, 41 Ill.2d 287. He later filed a petition for a post-conviction hearing, an evidentiary hearing was held and the court entered an order denying him relief. The appeal from that order is now before us pursuant to Rule 651.

The case has been ably briefed on both sides, and defendant's arguments are concisely presented with commendable candor. Defendant claims that he was not informed of his constitutional rights prior to the interrogation which elicited his confession, although he admits his attention was directed to a wall poster which stated his rights. The interrogating officer testified that he had informed Kelley of his rights, and that Kelley read the poster as well. Defendant's contention that he was refused the right to speak to an attorney was refuted by other testimony that he had never asked for an attorney, nor had he accepted the opportunity to call for one, though advised of his right to counsel. It is also claimed that the State's Attorney threatened to hang Kelley if he did not testify against his accomplice. Considerable doubt as to this claim is occasioned by the testimony of defendant's trial attorney that defendant did not tell him of this threat, an omission explained by defendant as resulting from his belief that his trial counsel was relaying to the State's Attorney defendant's confidential statements. It is noteworthy in this connection that

the first mention of this threat occurred some three years later. Defendant also maintains that he did not understand the possible sentence upon a plea of guilty, having believed that the maximum sentence would be fourteen years. The record reveals that the trial judge accepted defendant's guilty plea only after careful scrutiny of defendant's understanding of the consequences, and full explanation in particular of the possible sentence for murder.

The above factors weighed upon the determination whether defendant's guilty plea was involuntary due to fear of introduction of an allegedly inadmissible confession, fear of the State's Attorney as a result of alleged threats, and a misunderstanding of the possible sentence upon a plea of guilty. The resolution of these contentions rested upon the credibility of the witnesses, and that determination by the hearing judge must be sustained since it may not fairly be said to be against the manifest weight of the evidence. *People* v. *Myers,* 35 Ill.2d 311, 320; *People* v. *Spencer,* 27 Ill.2d 320, 325; *People* v. *Woods,* 26 Ill.2d 582, 585; *Myers* v. *City of Elmhurst,* 12 Ill.2d 537, 547; *La Salle National Bank* v. *County of Cook,* 12 Ill.2d 40, 48; *People* v. *Nitti,* 8 Ill.2d 136, 138.

Kelley suggests further bases for the proposition that the confession which allegedly prompted his guilty plea was illegally obtained. Defendant's accomplice had already confessed when Kelley was interrogated, and this fact was pointed out to Kelley. He was later confronted briefly by the accomplice, after which Kelley confessed. It is our opinion that this confrontation was neither improper nor coercive. (See *Frazier* v. *Cupp,* 394 U.S. 731, 22 L. Ed. 2d 684, 89 S. Ct. 1420, 1425.) Nor are we of the opinion that the pre-confession detention period of two and one-half hours violated Kelley's right to prompt arraignment and thereby rendered the confession improper. (*People* v. *Jackson,* 23 Ill.2d 274.) Having concluded that Kelley's confession was permissibly obtained, there is no need to de-

318

termine whether his guilty plea was induced by the anticipation that the confession would be introduced in a trial. His contention that absence of an explanation that his plea of guilty waived a jury trial invalidated his plea is adequately answered by our opinion in *People* v. *Williams,* post, at 334.

Defendant finally argues that he was deprived of due process of law through the improper introduction of prior acts of misconduct at his hearing in aggravation and mitigation. During the cross-examination of defendant's witnesses by the State, there was testimony that defendant, while in a foster home, had damage a closet door with a knife, that when living with his sister, defendant had been arrested for a crime and put on probation, that while living at the Maryville Children's Home, defendant had stolen money from other children and that he had taken his brother-in-law's automobile to another State without permission. This inquiry by the State was within reasonable bounds, and the information adduced was proper for consideration by the sentencing judge. *People* v. *Adkins,* 41 Ill.2d 297; *People* v. *McWilliams,* 348 Ill. 333.

The judgment of the circuit court of Madison County is accordingly affirmed.

*Judgment affirmed.*