(No. 42412.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LARRY N. WEASE, Appellant.

*Opinion filed January 28, 1970.*

454

EDWARD F. TARABILDA, of Springfield, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and CHARLES J. RYAN, State's Attorney, of Jacksonville, (FRED G. LEACH, Assistant Attorney General, and GORDON D. SEATOR, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

Defendant, Larry N. Wease, age 18; entered a plea of guilty to a charge of burglary brought against him in the circuit court of Morgan County and was sentenced to the penitentiary for a term of not less than two nor more than ten years. Approximately two years later he filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, pars. 122—1 *et seq.*), alleging his constitutional rights had been violated in that his plea of guilty had been coerced, and that his privately retained counsel was incompetent. After hearing evidence and considering the record in the original proceeding, the circuit court denied post-conviction relief and this appeal by defendant has followed. In essence, his contention is that the court's finding that his constitutional rights had not been violated is against the manifest weight of the evidence.

Facts pertinent to the claim of a coerced plea disclose that on May 11, 1966, an indictment was returned against defendant, wherein he was charged with having committed a burglary in Morgan County on January 25, 1966. Defendant had been a fugitive and it appears that he had voluntarily returned and surrendered to the sheriff shortly before the indictment was returned. He was released on bond and he and his mother retained counsel, the latter being a general practitioner of more than 40 years experience, which included representation in criminal matters. Subsequently,

on arraignment, defendant entered a plea of guilty, in which he persisted after due admonishment by the court as to his rights and the consequences of such a plea. Among other things, the record discloses the following:

"THE COURT: * * * A person convicted of burglary shall be imprisoned in the penitentiary for any indeterminate term of a minimum of not less than one year. Now an indeterminate sentence means this, Mr. Wease, that the court could impose a sentence of one to life, ten to fifty years, any indeterminate sentence up to and including life or any space of years in between that. Do you understand that?

MR. WEASE [Defendant]: Yes, sir.

THE COURT: That could mean five to twenty, five to fifty, ten to life and so forth, do you understand that?

MR. WEASE: Yes, sir.

* * *

THE COURT: Have any promises of any kind or nature been made to you or any threats been made to you by the State's Attorney, your attorney or by any other person or persons to induce you to enter a plea of guilty to the crime of burglary?

MR. WEASE: No, sir.

THE COURT: You understand that if any promises had been made to you by anyone they would not in any way be binding on the Court?

MR. WEASE: Yes, sir."

After having accepted the guilty plea, the court entertained a motion of defendant's counsel for probation and, at the hearing thereon, it was brought out that defendant had been on probation for the illegal transportation of liquor when the Morgan County burglary charge was lodged against him; that while free on bond under the Morgan County charge, defendant had committed and entered a plea of guilty to a charge of burglary in Calhoun County; and that at the time of trial in Morgan County he was serving

a term of 365 days at a State farm, and had been put on probation for five years, as punishment for the Calhoun County crime. Defendant's mother appeared as a witness and, at one stage of her testimony, said with reference to defendant and his behavior: "* * * I know he has to be punished, but the only thing I was (sic) afightin' for is to keep him out of the penitentiary. I know he has to be punished. I know that and I think I've told * * * [the retained counsel] the very same words." Counsel, in turn, proposed that a penalty similar to that given in Calhoun County, *i.e.,* a year's confinement on the State farm and probation of five years, be imposed, and that it run concurrently with the other sentence. The court, however, in view of defendant's prior conduct and the circumstance that the Morgan County burglary had resulted in $6000 damages, denied probation and thereafter sentenced defendant to the penitentiary for an indeterminate term of 2 to 10 years, to be served concurrently with the sentence imposed in the Calhoun County proceeding.

At the hearing on the post-conviction petition defendant and his mother both testified in terms that counsel had assured them the defendant would be placed on probation for three years if he entered a plea of guilty and, upon questioning by the court, defendant further stated that he had not disclosed this "promise" at the time he was admonished on his plea of guilty because he was relying on his counsel and didn't feel he was supposed to reveal the promise to the court. Counsel, on the other hand, categorically denied that he had in this instance, or at any time in his career, made any promises or guarantees of probation. He conceded that he had advised the plea of guilty after informing defendant of his belief that a trial was indefensible. In addition, he testified he had informed defendant that a motion for probation would be made and pointed out that defendant's voluntary return was a circumstance which might be favorably viewed.

In a post-conviction hearing the burden is on the petitioner to show that he was deprived of a substantial constitutional right (*People* v. *Caise,* 38 Ill.2d 486), and, so far as the claim of a coerced plea is concerned, we are in accord with the judgment of the trial court that such burden was not met in this case. Based upon one isolated remark of the judge who conducted the hearing on the petition, defendant argues strongly and at length that the judge did not pass upon the credibility of the opposing witnesses and therefore did determine the issues relating to the plea. Upon examination of the entire report of proceedings, wherein the judge expressed his disbelief that an experienced attorney would guarantee probation, we find defendant's argument to be without substance. As in other cases tried by a court without a jury, the credibility of witnesses in a post-conviction hearing is a matter for the court to determine, and his determination will not be disturbed on review unless manifestly erroneous. (*People* v. *Alden,* 15 Ill.2d 498.) Here the court obviously found the testimony of counsel that he did not promise or guarantee probation to be more credible, and we find no basis to upset that determination. Particularly is this true since there are other circumstances, derived from the total record, which militate against the posture that the plea of guilty was made by defendant with an understanding or belief that probation would be granted. Foremost are defendant's silence when he was expressly questioned about promises when the guilty plea was entered, the failure of defendant or his mother to object when a prison sentence was imposed and the long delay before post-conviction relief was sought. (*Cf. People* v. *Nelson,* 42 Ill.2d 172.) In addition, the testimony of the mother at the hearing on the motion for probation to the effect that she was fighting to keep her son out of the penitentiary demonstrates an awareness that the matter of probation was in doubt. And at the same hearing, both defendant and his mother sat by without objection when his counsel proposed that defendant be given a

concurrent punishment of a year's confinement on the State farm and five years probation. Neither of the latter circumstances, in our opinion, are consistent with the testimony and contentions advanced in the present proceeding.

Nor do we find that the court erred in holding that defendant's constitutional right to competent counsel was not violated. We have consistently held that one who selects his own counsel cannot ordinarily claim a denial of due process because of his lawyer's shortcomings, but, as stated in *People* v. *Nelson*, 42 Ill.2d 172, 175: "* * * we have also indicated that where such representation is so grossly inadequate as to reduce the proceedings to a farce, a constitutional issue cognizable in a post-conviction proceeding may be present." The claim of incompetency here is based solely on the failure of defendant's counsel to solicit the State's Attorney for a recommendation of probation. We are not, however, inclined to believe that such an omission demonstrates gross inadequacy or resulted in unfairness to defendant. In the last analysis, the matter of probation lies within the discretion of the court and, in view of defendant's record, it is doubtful that a recommendation by the State's Attorney would have produced a different result.

The judgment of the circuit court of Morgan County is affirmed.

*Judgment affirmed.*