(No. 42307.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* PAUL
STONE, Appellant.

*Opinion filed March 24, 1970.*

BRUCE J. GORDON, of Springfield, appointed by the
court, for appellant.

RICHARD A. HOLLIS, State's Attorney, of Springfield, (BRUCE LOCHER, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The defendant, Paul Stone, after waiving indictment entered a plea of guilty to a three-count information in the circuit court of Sangamon County charging him with rape, with indecent liberties with a child and with aggravated battery. The circuit court after advising the defendant of his rights and admonishing him of the consequences of his plea, accepted the plea to each of the counts of the information and sentenced him to the Illinois State Penitentiary for not less than 40 years nor more than 50 years for rape, for not less than 15 years nor more than 20 years on the indecent liberties charges and for not less than 8 years nor more than 10 years for aggravated battery. The sentences were ordered to run concurrently. On November 4, 1968, the defendant filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, pars. 122—1 *et seq.*) alleging that constitutional rights had been violated when the trial court accepted his plea of guilty in that the plea was not voluntary but was coerced through the improper conduct of the law enforcement officials. After an evidentiary hearing on the petition, at which the defendant was represented by court-appointed counsel, the circuit court denied the petition. On his appeal to this court he contends in essence that the circuit court erred in not finding that the evidence established his claim of constitutional deprivation. It is argued that the defendant pleaded guilty only because of the coercive effect of a confession he had given to law enforcement officers without counsel being present and without having been properly advised of his rights. The defendant contends, too, that his plea of guilty was improperly induced by officers who led him to believe that a

trial would expose him to the risk of physical harm, that the only way to protect his wife's employment was by avoiding a trial and that a trial would lead to an indefinite commitment to a mental institution.

There is no claim that the trial court failed to advise the defendant of his rights at the time of his pleading or that the trial court did not properly admonish him concerning the consequences of the plea.

The record discloses that the defendant was arrested on Saturday, July 11, 1964, by deputies of the Sangamon County sheriff's department and taken to the county jail where he was interrogated for about three hours concerning the rape and molestation of a ten-year-old girl. He apparently did not make any statement concerning the crime at that time, but during the interrogation the defendant did make a request to communicate with an attorney. He was permitted to telephone the attorney, but it appears he did not retain him.

On the following Tuesday afternoon, July 14, the appellant was taken from the jail to the scene of the crime in the company of the sheriff, a deputy, an assistant State's Attorney and a stenographer. Questioned there concerning the attack on the girl he confessed, at least in part, to the crimes later charged in the information. During the questioning the assistant State's Attorney advised the defendant that he did not have to make any statement and that he was entitled to have an attorney present. The defendant admitted during cross-examination at the post-conviction hearing that he was fully aware of his rights concerned when he made incriminating statements to the assistant State's Attorney, and that the assistant State's Attorney had advised him of his right to have counsel present even though he might be unable to afford the services of an attorney. The defendant acknowledged that he had waived these rights at that time. However, the defendant's position would appear to be that as it does not affirmatively appear in the record that he was ad-

vised of his right to remain silent and of his right to the appointment of counsel before any questioning took place, the confession obtained was, as a matter of law, involuntary. It was, he alleges, the fact that he had confessed that coerced him into offering a plea of guilty.

As we have stated the defendant candidly acknowledges that he was properly advised of his concerned rights and of the possible consequences of his plea at the time he pleaded guilty. A constitutional question is present only if the confession was unconstitutionally procured and if the fact of confession thereafter coerced the defendant into pleading guilty. See *People* v. *Harper*, 43 Ill.2d 368.

We consider that the evidence here rejected the claim that the confession was unconstitutionally obtained. The defendant was arrested and pleaded guilty in 1964 after the decision in *Escobedo* v. *Illinois*, 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758, but before the decision in *Miranda* v. *Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. Therefore, only the directions of the Supreme Court in *Escobedo* apply to the taking of the confession here. (*Johnson* v. *New Jersey*, 384 U.S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772.) We find no violation of the prescription of that decision. The defendant was permitted to communicate with an attorney when he requested the opportunity. There is no evidence that his right to retain and confer with counsel was in any way impeded. According to the defendant's own testimony he was advised of his pertinent rights at the time he furnished the statement. The testimony also shows that he intentionally waived them. We do not find the defendant's confession invalid under the principles of *Escobedo*. (See *People* v. *Murdock*, 39 Ill.2d 553, 556; *People* v. *Hartgraves*, 31 Ill.2d 375, 379.) Nor do we consider that what the defendant terms a failure to have brought him before a magistrate without unnecessary delay invalidated the confession. A confession taken while the accused was illegally detained will not render a confession inadmissible

*per se* under Illinois law. (See *People* v. *Kelley,* 44 Ill.2d 315; *People* v. *Taylor,* 33 Ill.2d 417, 422; and *People* v. *Jackson,* 23 Ill.2d 274, 276.) Viewing all the circumstances here, we cannot say the record shows the confession to have been involuntary. The claim that the defendant was coerced into pleading guilty because of an unconstitutionally procured confession is unsupported. *Cf. People* v. *Kelley,* 44 Ill.2d 315.

Complaint is made also that the defendant was induced to plead guilty by remarks of law enforcement officers that unless he did so he would be exposed to great physical harm, *i.e.,* that he "would be killed like Lee Harvey Oswald," that if he pleaded guilty the authorities would see to it that his wife did not lose her job and that if he did not plead guilty a trial would lead to his being indefinitely committed to "the psychiatric division." It appears from the testimony of the defendant at the post-conviction hearing, which was contradicted in material part by him during cross-examination, that if such remarks were, in fact made, they were not made until after he pleaded and they therefore could not have affected his decision to enter a plea of guilty. Also, the testimony of the defendant's wife simply did not support his contentions.

In a post-conviction hearing the burden is upon the petitioner to show a substantial violation of constitutional rights. (*People* v. *Wease,* 44 Ill.2d 453; *People* v. *Caise,* 38 Ill.2d 486.) Here the questions whether the defendant's plea of guilty was involuntary and coerced because of an illegally obtained confession, and whether the plea was induced by the improper remarks of law enforcement officers were in large part questions of credibility and were for the judge at the post-conviction hearing to determine. (See *People* v. *Kelley,* 44 Ill.2d 315; *People* v. *Wease,* 44 Ill.2d 453.) Whether the confession was a voluntary one was a circumstance to be considered and was for the trial court's

determination. On review its decision will not be disturbed unless it was manifestly erroneous. (*Cf. People* v. *Myers,* 35 Ill.2d 311, 320.) No ground for upsetting the determination of the trial court appears in the record. Accordingly, the judgment of the circuit court of Sangamon County denying the defendant's post-conviction petition is affirmed.

*Judgment affirmed.*