(No. 42903.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* McCoy FORD, Appellant.

*Opinion filed January 25, 1971.*

ROBERT S. CAPLAN, of Rockford, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and PHILIP G. REINHARD, State's Attorney, of Rockford,

410

(THOMAS J. IMMEL, Assistant Attorney General, and WILLIAM R. BEU, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On November 20, 1968, the defendant, McCoy R. Ford, pleaded guilty to a charge of armed robbery in the circuit court of Winnebago County, and he was sentenced to imprisonment for not less than two nor more than five years. In November of 1969 his post-conviction petition was denied after an evidentiary hearing, and he has appealed directly to this court.

An indictment returned on October 16, 1968, charged the defendant with robbery and armed robbery. On October 21, 1968, he entered a plea of not guilty to both counts. On November 14, 1968, he moved for leave to withdraw his plea of not guilty and enter a plea of guilty to the robbery count. That motion was immediately withdrawn when the assistant state's attorney announced that the State would nonetheless prosecute the armed robbery count. On November 20, the defendant then indicated his desire to plead guilty to armed robbery. After being fully advised by the trial judge of his rights and of the consequences of a guilty plea, the defendant reaffirmed this desire, signed a statement waiving a jury trial and entering a guilty plea, and waived his right to file a petition for release on probation. At the hearing in mitigation and aggravation two days later, the defendant admitted committing the offense, but testified that the weapon he had used was unloaded.

In this court the defendant contends that he was denied due process of law in that he was denied the assistance of counsel both when he was placed in a lineup and during the time immediately preceding his confession. He also contends that he was not taken before a judge without unnecessary delay, and that "he was not afforded the assistance of ef-

fective and competent representation in regard to his post-conviction petition."

At the post-conviction hearing the defendant testified that about 8 P.M. on July 30, 1968, accompanied by his mother, sister and brother-in-law, he surrendered to the Winnebago County sheriff, because he had learned that a warrant had been issued for his arrest. He testified that he told the detectives that he wanted his attorney present, but that they would not allow him to call an attorney. They did allow him, however, to speak to his mother, and his mother testified that she called an attorney whom she named, but that he was at a meeting. About 8:30 P.M. the defendant was placed in a lineup with four other men. He testified that the detectives continued to interrogate him and that one of the detectives "slapped me around a couple of times." The defendant's sister also testified that she heard her brother tell the detectives that he wanted to see an attorney.

Two of the detectives testified and denied that the defendant had requested to see an attorney. They testified that they advised him of his constitutional rights and that he had agreed to participate in a lineup which was conducted at about 9:30. After the lineup the detectives told the defendant that he had been identified by two people as "the subject who was in the station with the gun during the robbery." The defendant continued to deny any part in the robbery until the detectives told him that his mother had told them that the defendant had admitted to her that he had committed the robbery. They told him this at about 11 P.M., and he then signed a written statement.

The assistant public defender who was appointed to represent the defendant testified that he had consulted with the defendant at numerous times between the date of his appointment on August 19, 1968, and the date upon which the defendant pleaded guilty, November 20, 1968; that he had prepared a motion to suppress the defendant's state-

412

ment, as well as a motion to suppress physical evidence and a motion with respect to the lineup identification, but that none of these motions were filed because the defendant stated that he wanted to plead guilty.

The contention that the defendant was not competently represented upon his post-conviction petition is totally without merit. And so far as the other claims of constitutional violation are concerned, the trial judge was fully warranted in reaching the conclusion, upon the evidence heard, that the defendant's plea of guilty was the result of his consciousness of actual guilt and not the result of any illegal conduct on the part of the law enforcement officers. Moreover, the defendant's plea of guilty was made after full consultation with his attorney, and full admonition, and that plea waived the contentions presently advanced by the defendant. See *People* v. *Olson* (1970), 46 Ill.2d 167; *People* v. *Covington* (1970), 45 Ill.2d 105; *People* v. *Stone* (1970), 45 Ill.2d 100; *People* v. *Gibson* (1969), 42 Ill.2d 519; *People* v. *Brown* (1969), 41 Ill.2d 503; *People* v. *Dennis* (1966), 34 Ill.2d 219. See also *Parker* v. *North Carolina* (1970), 397 U.S. 790, 25 L. Ed. 2d 785, 90 S. Ct. 1458.

The judgment of the circuit court of Winnebago County is affirmed.

*Judgment affirmed.*