THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAYMOND HENRY DILLINGER, Defendant-Appellant.

(No. 11729; ▮▮▮▮▮▮▮▮▮

Fourth District—September 20, 1972.

Matthew J. Moran, of Defender Project, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Robert J. Bier, State's Attorney, of Quincy, (Fred G. Leach and Thomas J. Immel, Assistant Attorneys General, and Matthew A. Hutmacher, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

This case reaches us by way of transfer from the Supreme Court. The defendant appeals from a denial of post-conviction relief from a sentence of two to seven years in the Illinois State Penitentiary for theft. He filed a *pro se* petition for such relief and an amended post-conviction petition was filed by his court-appointed attorney. Defendant appeared and testified in the hearing and the petition was denied. The issue here presented is whether or not a full evidentiary hearing was required to determine if the defendant's guilty plea was induced by the representation of defense counsel that the defendant would be committed to a hospital instead of sentence to the Illinois State Penitentiary. The evidentiary

record does not support directly or indirectly this allegation.

■■ The skeleton of a judicial issue is the pleadings and its flesh and blood is the evidence adduced. In the case at bar, we have a skeleton only without an evidentiary body. The defendant testified in his own behalf and it is abundantly clear that he is, was and has been for more than 20 years a chronic alcoholic, was in the Veteran's Hospital some three or four times for treatment, was arrested some 50 to 100 times because of intoxication, was convicted of two prior felonies and was admitted to probation in one and violated probation by becoming intoxicated. He appeared before three different judges in the circuit court at various times and there was no indication in the record either of his own incompetency or his attorney's. At the time he was sentenced, he was clearly told by the trial judge of the consequences of his plea. At that time he had been in the county jail for two months without intoxicating liquor.

The defendant testified as follows:

"Question: Did Mr. Madsen tell you that by pleading guilty that you were going to be sent to a hospital for your alcoholism.

Answer: That's what he left me with the impression.

Question: Well, did he tell you that.

Answer: Well, he said I needed treatment, I should be sent to a hospital * * *.

Question: Did he tell you that would happen to you if you pled guilty.

Answer: No.

Question: Did you know what would happen to you if you pled guilty.

Answer: No, sir, not by the way he was talking.

Question: Do you recall the judge telling you what would happen if you pled guilty.

Answer: Well, yes, sir.

Question: You do recall that.

Answer: Yes.

Question: You recall the judge asking you if you know what the sentence would be.

Answer: Yes, sir.

Question: Do you remember what you told him.

Answer: I don't remember."

■■■ The position of the defendant that his plea of guilty was induced by a promise of his attorney that he would be hospitalized is simply not supported by this record. Neither courts nor juries are required to believe as such court or jury statements or facts which as an ordinary citizen

they would not believe. The defendant suggests that the evidentiary hearing was incomplete inasmuch as the defendant's trial counsel was not called to deny his alleged promise of hospitalization. The difficulty with this position is that the defendant himself did not testify that such promise was made, but only that he had an "impression". His past experience in the court with previous felony convictions as well as the admonition by the trial court that his sentence would be to the penitentiary undermines, if it does not destroy, the probative value of his testimony. Whether to believe testimony wholly or partially or not at all is for the trial judge who hears and sees the witnesses—and unless it appears his determination was manifestly erroneous, it will not be disturbed upon review. (*People v. Alden*, 15 Ill.2d 498, 155 N.E.2d 617; *People v. Kelley*, 44 Ill.2d 315, 255 N.E.2d 390; *People v. Logue*, 45 Ill.2d 170, 258 N.E.2d 323.) Cases cited by the defendant where no evidentiary hearing was held are not in point. On this record to remand this case to call the trial defense counsel to deny something which the defendant himself does not say was actually stated to him is a frivolous exercise in forensic fatuity.

Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

TRAPP, P. J., and CRAVEN, J., concur.