(No. 39458.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOHN GREEN, Appellant.

*Opinion filed January 19, 1967.*

WARD, J., took no part.

LESTER ROSEN, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JOEL M. FLAUM, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant was convicted of burglary in a bench trial in the then criminal court of Cook County and sentenced to a term of four to eight years in the Illinois State Penitentiary. He contends that his arrest was illegal and that introducing in evidence the articles taken from him was in violation of his constitutional rights because the articles were fruits of an unlawful seizure.

When the defendant was arrested in an alley near the burglarized apartment he was carrying a record player, and a young boy with him was carrying a camera. Both articles had been stolen from the apartment after the door had been "jimmied".

Mrs. Barbara Horn, who managed the apartment house adjacent to the burglarized premises, testified that she knew defendant, that she had seen him in her apartment building talking to some person less than an hour before his arrest and that she was with the police officer at the time of the arrest. The record is silent as to how the officer came to be in the alley or how Mrs. Horn came to be with him at the time of the arrest. The officer stated that he did not know a crime had been committed and Mrs. Horn testified that she did not know how defendant acquired the property.

There is a strong inference that Mrs. Horn had called the officer and that they both believed a burglary had been committed. However, we think it unnecessary to comment on the legality of the arrest and the attendant seizure. No motion to suppress was made and nothing was said about suppression until both the State and defendant had each closed their case. Defendant's counsel waived argument, and just as the prosecution completed its argument, defense counsel asked to be heard and argued that the police officer had no knowledge that a crime had been committed and that consequently the arrest and seizure were invalid. He did not even then move for suppression of the stolen articles admitted in evidence but argued that there was a reasonable doubt of defendant's guilt and any doubt should be resolved in favor of the defendant. This argument did not amount to a motion to suppress. Furthermore, the post-trial motions made no complaint of admission of the articles. "It is well settled that this court will not consider the question of illegal search and seizure, even though pursuant to an illegal arrest, where it has not been raised before the trial court." (*People v. Harris,* 33 Ill.2d 389, 390.) Under the circumstances here present we will not consider the legality of the seizure of the articles nor the propriety of their admission in evidence.

Defendant admits that his trial counsel was an attorney of his choice and that, as a general rule, incompetence of retained counsel cannot be charged, but argues that his representation was of such low caliber as to amount to no representation at all. We do not gather incompetency from the failure of defendant's trial counsel to make a motion to suppress. Defendant told the officer that he had purchased the articles. Failure to file the motion may well have been trial strategy. (See *People v. Gray,* 33 Ill.2d 349.) Error in judgment alone does not amount to incompetence of counsel. (*People v. Palmer,* 27 Ill.2d 311; *People v. Stephens,* 6 Ill.2d 257.) The handling of this defendant's defense is a

far cry from that which triggered the "no representation" rule of *People* v. *De Simone,* 9 Ill.2d 522, and we cannot say that counsel was incompetent.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.