The People of the State of Illinois, Respondent-Appellee, *v.* Charles Abrams, Petitioner-Appellant.

(No. 56752;

First District—November 15, 1972.

Thomas T. Schlake, of Skokie, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, Donald J. Storing, and William D. Wolter, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Charles Abrams, was charged with the crime of murder. Initially, on arraignment, he pleaded not guilty. He subsequently withdrew his not guilty plea on January 14, 1964. He was sentenced to the Illinois State Penitentiary for a term of not less than fifteen nor more than thirty years.

On February 14, 1969, he filed *pro se* a post-conviction petition alleging, among other things, that he was deprived of his right to competent and

effective assistance of counsel. After an evidentiary hearing, at which both the defendant and his court appointed trial counsel testified, the petition was dismissed on August 3, 1970. Defendant appeals from the trial court's denial of his post-conviction petition.

On this appeal, petitioner again argues that he was deprived of his right to competent counsel at the time of his conviction on a guilty plea. He bases his contention on the grounds that (1) his attorney spoke to him only briefly; (2) his trial counsel made no attempt to suppress his written confession, and (3) although he furnished the name of a defense witness, his attorney made no attempt to interview the witness.

The petitioner testified that the court first appointed the Public Defender to represent him at trial, but later supplied him with a Chicago Bar Association attorney at his request. Petitioner testified further that his court appointed attorney talked to him twice for a total of only about 25 minutes. He said his attorney told him to plead guilty or he would get the electric chair. Defendant also testified that based upon the representation of his attorney, he was under the belief that he was pleading guilty to manslaughter, not murder.

Defendant's trial counsel testified that he was appointed through the Chicago Bar Association Committee for the Defense of Indigent Prisoners. He said he had represented about 100 defendants accused of crime. After his appointment, he obtained some material from the Public Defender and on November 5, 1963, he conferred with the defendant. At this meeting, they discussed the possibility of filing a motion to suppress the defendant's written confession and the difference between murder and manslaughter. After examining the defendant's written confession and conferring with the defendant, who told him the confession was not coerced, the attorney concluded that a motion to suppress would be frivolous.

Counsel said he gave defendant a questionnaire which defendant filled out and returned to him. Defendant gave the attorney the name of Judy Rose as a possible defense witness. After discussing with the defendant what Miss Rose's testimony would be, counsel determined she would not be a good defense witness. He never conducted any field investigation because he did not think it was necessary.

Counsel's second meeting with defendant took place in the County Jail on December 18, 1963. He again conferred with the defendant on January 14, 1964, and informed him that if he wished to plead guilty, it would have to be to the charge of murder and that he would receive a sentence of fifteen to thirty years. The attorney testified that he spent a total of four or five hours in the presence of the defendant and that he spent a total of three working days on the case.

To warrant a reversal for incompetency of counsel, the petitioner

must establish both actual incompetence and a substantial prejudice resulting therefrom. (*People v. Hrebenar,* 48 Ill.2d 100, 104, 268 N.E.2d 869, 872.) Defendant first argues that his attorney conferred with him only briefly. With respect to this contention, the petitioner's testimony was directly contradicted by that of his trial counsel. The credibility and weight to be given to testimony is a matter to be determined by the trial judge. *People v. Watson,* 50 Ill.2d 234, 236, 278 N.E.2d 79, 80.

■■ Defendant next contends the fact that counsel made no attempt to suppress his confession shows incompetence. Counsel conferred with defendant regarding his confession. Defendant told him it was not coerced. Counsel then decided a motion to suppress would be frivolous. The fact that, as a matter of trial tactics, an attorney does not file a motion to suppress does not establish incompetence. (*People v. Green,* 36 Ill.2d 349, 351, 223 N.E.2d 101, 103.) Finally, defendant criticizes his trial counsel for making no outside field investigation and not interviewing the one witness whose name defendant supplied. The conference with the defendant convinced the trial attorney that the witness would not aid in the defense. An appellate review of trial counsel's competence does not extend to areas involving the exercise of judgment, discretion or trial tactics. *People v. Walker,* 2 Ill.App.3d 1026, 1034, 279 N.E.2d 23, 29-30.

For the foregoing reasons, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DIERINGER, P. J., and ADESKO, J., concur.