THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* JOHN PATRICK BRITTAIN, Petitioner-Appellant.

First District (3rd Division) Nos. 59820, 59867 cons.

Opinion filed February 10, 1976.

Paul Bradley, Luther Hicks, and Patrick J. Hughes, all of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Thomas D. Rafter, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Petitioner, John Patrick Brittain, pleaded guilty to five indictments charging him with two offenses of armed robbery, two of robbery, and one of rape. The pleas were accepted and he was sentenced to the penitentiary to serve concurrent terms of 10 to 50 years on each of the convictions for armed robbery and rape and 10 to 20 years on each conviction for robbery. He filed an amended petition pursuant to the Illinois Post-Conviction Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*). This appeal is from the denial by the trial court of his amended petition following an evidentiary hearing.

Petitioner contends that the trial court erred in denying his amended petition for post-conviction relief in which he alleged that his guilty pleas were not entered voluntarily and knowingly because his defense attorney, an assistant public defender, had denied him the effective assistance of counsel. Specifically, petitioner alleged that his defense attorney had falsely represented to him that a presentence agreement had been reached with the assistant State's attorney that upon his plea of guilty concurrent sentences with a maximum of 10 years would be

recommended to the court as to all the charges. He further alleged that his defense attorney recommended entering the guilty pleas without having made an adequate investigation to determine the merits of the prosecution's cases or the existence of possible defenses. The pertinent facts follow.

Subsequent to the entry of the judgments of conviction, petitioner did not institute a direct appeal; rather, he began a series of *pro se* post-conviction activities. The Supreme Court reversed and remanded the denial of the petitioner's original post-conviction petition upon the basis that it was improper to appoint the Public Defender to represent the petitioner on his post-conviction petition wherein he had alleged that the Public Defender had been incompetent in the handling of the case at the trial level. (*People v. Brittain* (1972), 52 Ill. 2d 91, 284 N.E.2d 632.) On remandment, the State Appellate Defender was appointed to represent petitioner, and the instant amended petition for post-conviction relief was filed.

On January 18, 1973, an evidentiary hearing was held on the amended petition. Petitioner testified that the Public Defender was appointed to represent him at the time of his arraignment and that pleas of not guilty were entered. Petitioner stated that he related to the assistant public defender that he had been arrested in his apartment without a warrant; that a hat, coat, and a blank starting pistol were seized from his apartment by the arresting officers without a search warrant; that statements he made after his arrest were procured by physical beatings; and that he was identified in a lineup which included uniformed police officers. Petitioner stated that he again related these facts to another assistant public defender in a later interview while in custody in Cook County Jail. During this conversation a written interview form was completed. It was introduced into evidence at the hearing and bears a notation that petitioner believed his arrest and subsequent statements to the police to have been illegal. On January 11, 1962, petitioner's case was transferred for trial to Arthur Zimmerman, an assistant public defender. Petitioner stated that he saw Zimmerman three or four times in court when his case was called and continued. He stated that on each occasion he mentioned the facts of his case to Zimmerman who responded that he was either too busy with other cases or that petitioner's case was not going to trial that day. He stated that Zimmerman did not tell him that any investigation was ever made into the charges pending against him.

Petitioner testified that on April 2, 1962, Zimmerman told him he would be going to trial that day. He stated that he again told Zimmerman he believed his arrest and subsequent statements to the police were

illegal and further, that Judge Boyle before whom he was to be tried was prejudiced against him. He stated that Zimmerman told him he would not file any pretrial motions or ask for a change of venue because they would only be denied and would irritate the judge. Petitioner stated that later that day Zimmerman told him, in the presence of petitioner's mother, that the assistant State's attorney had agreed to recommend concurrent sentences with a maximum of no more than 10 years if he pleaded guilty. Petitioner stated that Zimmerman told him he should plead guilty because he was certain to be convicted of one or more of the charges; that if he was convicted he would receive a sentence of 40 to 80 years in a bench trial and in excess of 80 years in a jury trial. Petitioner further stated that Zimmerman told him Judge Boyle never sentenced anyone in excess of the State's Attorney's recommendation, but that he would occasionally impose a sentence below the recommendation.

On cross-examination, petitioner admitted that at Zimmerman's request he signed a statement on April 2, 1962, that he wanted to plead guilty to all five indictments. He denied that a court bailiff was present during the conversation he had with Zimmerman and his mother when he agreed to plead guilty. Petitioner further admitted that he was standing before Judge Boyle at the time the assistant State's attorney recommended sentences of 10 to 50 years on the charges of armed robbery and rape and 10 to 20 years on the robbery charges, and that after hearing the recommendation he made no objection, but requested the mercy of the court. He stated that he made no objection at that point because he was too shocked. He further stated that he told Judge Boyle a few days later of the assurances he had received concerning maximum concurrent sentences of 10 years.

Arthur Zimmerman testified that he was the assistant public defender who represented petitioner between January 11 and April 2, 1962. He stated that on April 2 he was completely familiar with the facts in all the indictments pending against petitioner, and that he had discussed the facts with him on at least two occasions prior to trial. On April 2, 1962, he informed petitioner that the assistant State's attorney had offered to recommend 10 to 50 years in the penitentiary upon pleas of guilty being entered. He stated that he told the petitioner this was a reasonable offer under the circumstances, and advised him to plead guilty. Zimmerman testified that his advice was based upon his belief that petitioner might prevail on some of the indictments, but that he was sure to be convicted of one or more charges. He denied that he told him he would receive a flat sentence as distinguished from an indeterminate sentence. He stated that prior to April 2, 1962, petitioner

had told him that most of the robberies he committed had been "set up" for him by suburban police departments. Zimmerman further stated that these accusations were investigated and found to be without foundation. He testified that he investigated the charges against petitioner and interviewed one of the complainants and the arresting policemen in an effort to determine what their testimony might be at trial. He had read the notations on the written interview form concerning petitioner's arrest and subsequent statements to the police, but they were made by a member of the public defender's staff who was an inexperienced lawyer. Zimmerman denied that the petitioner had ever told him he had been placed in a lineup with uniformed police. He stated that he did not make any pretrial motions concerning petitioner's arrest and statements because he did not believe they would be warranted under the facts. He further testified that petitioner agreed to plead guilty in the belief it was the best course of action because he was guilty of the charges, and that petitioner's mother concurred in his decision. He added that Ed Toner, a court bailiff, was present when petitioner agreed to plead guilty. Zimmerman stated that he had petitioner write on the interview form that he wanted to plead guilty to all five indictments, and that petitioner and his mother then signed the statement.

The State's answer to the petitioner's original *pro se* petition for post-conviction relief had attached to it an affidavit of Edward Toner. In the affidavit Toner stated that he was present during the conversation between Zimmerman, petitioner, and petitioner's mother on April 2, 1962; that he heard Zimmerman tell petitioner that the assistant State's attorney would recommend a sentence of 10 to 50 years if he pleaded guilty; that at no time did he hear Zimmerman mislead or coerce petitioner into pleading guilty; and that he heard petitioner state to Zimmerman that he wanted to plead guilty, and petitioner's mother said she thought it was the best thing to do since he was guilty of the charges.

On May 3, 1973, the trial court entered a written order which denied petitioner's amended petition for post-conviction relief. The court also made certain written findings of fact concerning evidence presented at the hearing which included the fact that prior to accepting the guilty pleas petitioner was properly admonished as to the consequences and the possible sentences which could be imposed; that it was ascertained that petitioner's guilty pleas were being entered voluntarily and knowingly; and that it was determined there was a factual basis for those guilty pleas. The trial court further found that petitioner had failed to establish to its satisfaction that he had been assured of concurrent sentences with a maximum of not more than 10 years; and that there was no proof of neglect or incompetence by his defense counsel in not raising

by pretrial motion any constitutional issues concerning petitioner's arrest, identification, and subsequent statements to the police. We proceed to consider petitioner's contention on appeal that the trial court erred in denying his amended petition.

Petitioner asserts that his guilty pleas were not voluntarily and knowingly entered because he was denied the effective assistance of counsel. In his amended petition it is alleged that two factors demonstrate how he was denied proper representation; first, that the assistant public defender falsely represented to him the terms of the plea agreement reached with the prosecutor; second, that the assistant public defender recommended entering pleas of guilty without having made an adequate investigation into the merits of the charges. In denying the amended petition the trial court expressly found that the evidence presented at the hearing did not establish either allegation. We concur with the findings of the trial court and hold that the amended petition for post-conviction relief was properly denied.

Concerning the first allegation, petitioner testified that in a conference he had with Arthur Zimmerman on April 2, 1962, Zimmerman told him the assistant State's attorney had agreed to recommend to the trial court concurrent sentences with a maximum of 10 years on all the charges if petitioner pleaded guilty. He further stated that the only other person present at the conference was his mother. He admitted that he stood by without making an objection as the prosecutor recommended to the trial court sentences with a maximum of 20 and 50 years. Explaining that he was too shocked by the recommendation to make any objection at that time, petitioner stated that a few days later he communicated to the trial judge the nature of the sentence assurances he had received. In his own testimony Arthur Zimmerman denied that he had ever assured the petitioner of concurrent maximum sentences of no more than 10 years upon the entry of guilty pleas. He testified that Edward Toner, a court bailiff, was present at the April 2, 1962, conference between himself, petitioner and petitioner's mother. Edward Toner's affidavit is contained in the record which stated that not only was Toner present during the conference but that he heard Zimmerman tell petitioner that the prosecutor would recommend sentences of 10 to 50 years if he pleaded guilty to the charges. Toner further stated in his affidavit that Zimmerman did not coerce or mislead petitioner into pleading guilty; that it was petitioner who stated he wanted to plead guilty, and his mother concurred in the decision.

■■ The respective versions of the events of April 2, 1962, are obviously in direct conflict. A resolution of that conflict could have been made only by a determination of the credibility of the witnesses, which determination is for the trial court, and its decision as to where the

credibility lies will not be upset on review in a post-conviction proceeding unless manifestly erroneous. (*People v. Wease* (1970), 44 Ill. 2d 453, 255 N.E.2d 426.) As to the terms of the plea agreement communicated to petitioner prior to the entry of his pleas, the trial court credited the testimony of Arthur Zimmerman rather than that of petitioner. Zimmerman's testimony was supported by Edward Toner's affidavit; petitioner's testimony is not supported by any other evidence of record. Also significant is petitioner's admission that he stood mute before the trial court as the prosecutor recommended sentences of a maximum term in substantial deviation from that he alleged Zimmerman had communicated to him previously. The finding of the trial court that his counsel did not falsely represent to petitioner what sentences would be recommended upon his pleading guilty was clearly not erroneous.

The second allegation is that the assistant public defender recommended that petitioner plead guilty to the charges without having made an adequate investigation of the merits of the charges. Petitioner testified that before his case was assigned to Zimmerman he had related to two other assistant public defenders the circumstances of his arrest, the seizure of property from his apartment, his lineup identification, and his allegedly coerced statements to the police. He stated that between January 11 and April 2, 1962, he attempted to inform Zimmerman of these facts on the three or four occasions when he saw him in court. He testified that in each instance Zimmerman put him off with excuses of being too busy with other cases or that his own case would not be going to trial that day. He stated that on April 2, 1962, he again informed Zimmerman of the facts in his case and of his belief that Judge Boyle was prejudiced against him; and that Zimmerman responded that he would not file any preliminary motions or ask for a change of venue because they would only be denied and would irritate the judge. Petitioner further testified that Zimmerman never informed him of any investigation into the pending charges.

Arthur Zimmerman testified that on the date of trial he was totally familiar with the facts involved in the charges pending against petitioner; that he had discussed the facts with petitioner on at least two occasions prior to trial date and had also interviewed one of the complainants and the arresting officers. He further stated that petitioner's assertion that robberies had been "set up" for him by certain suburban police departments had been investigated and found to be untrue. Although he admitted that he read the notations on petitioner's interview form, Zimmerman explained that they had been made by an attorney in his office who was inexperienced in criminal law. Zimmerman decided not to file any preliminary motions concerning petitioner's arrest and statements to the police because he believed that the facts did not warrant

such motions. He denied that petitioner had ever told him he had been identified in a lineup which included uniformed police officers. He finally testified that he advised petitioner to plead guilty because it was his judgment that petitioner could not prevail at a trial on all the charges, and in that circumstance he believed the proposed plea agreement was a reasonable one.

In order to establish a lack of competent representation at trial in a case where the defendant was represented by court-appointed counsel, it is necessary to demonstrate actual incompetence as reflected by the manner of counsel carrying out his duties as a trial attorney which resulted in substantial prejudice of a nature to have probably affected the outcome of the trial. (*People v. Goerger* (1972), 52 Ill. 2d 403, 288 N.E.2d 416.) The evidence presented at the hearing failed to meet that test. The conflict between the testimony of petitioner and Zimmerman as to the extent of their pretrial discussion of the charges and Zimmerman's pretrial investigation of those charges again raised an issue of credibility for the trial court. The court resolved the conflict by crediting the testimony of Zimmerman and it cannot be said, upon this record, that its determination was manifestly erroneous. *People v. Wease.*

■■ Zimmerman's decision not to file any preliminary motions concerning the petitioner's arrest, the property seized by the police at the time of arrest, his lineup identification, and his statements to the police does not establish incompetency. He denied that petitioner told him of the allegedly suggestive nature of his lineup identification. As to the remaining areas where preliminary motions might have been filed, Zimmerman stated that he decided such motions were not warranted by the facts. The exercise of judgment or discretion by an attorney, including trial tactics such as the filing of pretrial motions, is beyond an appellate review of the attorney's competence. (*People v. Abrams* (1972), 8 Ill. App. 3d 636, 291 N.E.2d 16.) Moreover, even an error in judgment on such matters as the filing of preliminary motions does not amount to actual incompetence of counsel. (*People v. Green* (1967), 36 Ill. 2d 349, 223 N.E.2d 101; *People v. Palmer* (1963), 27 Ill. 2d 311, 189 N.E.2d 265.) The instant record does not establish actual incompetency by Zimmerman which operated to the substantial prejudice of petitioner.

■■ The trial court did not err in finding that petitioner's pleas of guilty were not involuntarily or unknowingly entered by virtue of the alleged denial of effective assistance of counsel. The order of the circuit court of Cook County denying the amended petition for post-conviction relief is affirmed.

Affirmed.

DEMPSEY and McNAMARA, JJ., concur.