*In re* GERALD PETERSON.—(The People of the State of Illinois, Petitioner-Appellee, *v.* Gerald Peterson, Respondent-Appellant.)

Fourth District   No. 4—82—0514

Opinion filed March 3, 1983.

Roger Derstine and Linda S. Ganski, both of Legal Advocacy Services, of Chicago, for appellant.

J. William Roberts, Sate's Attorney, of Springfield (Robert J. Biderman and Garry W. Bryan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

Respondent, Gerald Peterson, appeals from a judgment entered by the circuit court of Sangamon County finding that he was a person "subject to involuntary admission" under section 1—119(1) of the Mental Health and Developmental Disabilities Code (Code) (Ill. Rev. Stat. 1981, ch. 91½, par. 1—119(1)) and ordering him to be hospitalized in the Department of Mental Health and Developmental Disabilities (Department). The trial court's order was based on its finding that defendant was mentally ill and because of his illness might be reasonably expected to inflict serious injury upon himself or another in the near future. We affirm.

On appeal the respondent maintains that he was improperly committed to the Department because (1) the State did not sustain its burden of proving by clear and convincing evidence that the respondent was reasonably expected to inflict serious physical harm upon himself or another in the near future, (2) the examining psychiatrist did not certify that he personally informed the respondent of his statutory right to remain silent, (3) he was denied effective assistance of counsel, and (4) following the entry of the trial court's order, the Department failed to comply with certain statutory provisions.

The proceedings were commenced on July 7, 1982, when Mary L. Peterson filed a petition in the circuit court of Sangamon County asserting that her son, Gerald Peterson, was (1) mentally ill, (2) reasonably expected to inflict serious physical harm upon himself or another in the near future, and (3) in need of immediate hospitalization for the prevention of such harm. The petition requested that respondent be involuntarily admitted for hospitalization by the Department.

In *In re Stephenson* (1977), 67 Ill. 2d 544, 367 N.E.2d 1273, the court held that in an involuntary commitment proceeding the petitioner must prove the allegations of the complaint by clear and convincing evidence. (See also Ill. Rev. Stat. 1981, ch. 91½, par. 3—808.) The respondent does not dispute that the evidence here sufficiently showed his mental illness. We conclude that the record also contains ample evidence to indicate that he presented a danger to himself or others and that this evidence fully met the required standard of proof. At the hearing on the merits the petitioner testified to much which was too remote to be properly considered here. However, the petitioner testified concerning an incident where the respondent had threatened his father with a letter opener approximately two or three weeks prior to the hearing. Based upon an examination of the respondent and a consideration of the respondent's history of suicide threats, Dr. Reddy testified that he was of the opinion that the respondent's judgment and insight were impaired, and that the respondent suffered from a schizoaffective illness, posed a severe threat of harm to himself and others, and needed psychiatric treatment on an "in-patient basis at least for 30 to 60 days."

The respondent's second contention is based upon sections 3—208 and 3—807 of the Code, which provide:

"Whenever a petition has been executed *** and prior to this examination for the purpose of certification of a person 12 or over, the person conducting this examination shall inform the person being examined in a simple comprehensible manner of the purpose of the examination; that he does not have to talk

to the examiner; and that any statements he makes may be disclosed at a court hearing on the issue of whether he is subject to involuntary admission. If the person being examined has not been so informed, the examiner shall not be permitted to testify at any subsequent court hearing concerning the respondent's admission.

\* \* \*

No respondent may be found subject to involuntary admission unless at least one psychiatrist or clinical psychologist who has examined him testifies in person at the hearing. The respondent may waive the requirement of such testimony subject to the approval of the court." Ill. Rev. Stat. 1981, ch. 91½, pars. 3—208, 3—807.

The respondent maintains that Dr. Reddy, who testified at the hearing, did not personally inform him in accordance with these provisions.

In *In re Collins* (1981), 102 Ill. App. 3d 138, 429 N.E.2d 531, this court stated:

"[Section 3—203 of the Code] admits of only one interpretation: the examining physician must *personally* inform respondent of his rights.

\*\*\* If the doctors do not personally inform respondent of his rights, their testimony, in its entirety, is *barred.* If there is no testimony of a psychiatrist or psychologist who has examined the respondent before the court, a respondent may not be found subject to involuntary admission. That is the bottom line." (Emphasis in original.) 102 Ill. App. 3d 138, 143, 429 N.E.2d 531, 536.

There are, however, two major differences between *In re Collins* and the case at bar. First, in *In re Collins* the respondent's counsel filed a motion to suppress the testimony of the examining physicians on the grounds that they had not informed him of his rights prior to the examination. In the case at bar the respondent's counsel neither filed such a motion, nor objected to the introduction of Dr. Reddy's testimony in any manner. Second, in *In re Collins* this court noted that the record was clear that "both doctors were examining physicians but that neither personally informed respondent of his rights—even though they affixed their signatures to certificates verifying that they did, under penalty of perjury." (102 Ill. App. 3d 138, 143, 429 N.E.2d 531, 536.) In the case at bar there is no affirmative showing in the record whether the examining psychiatrist, Dr. Reddy, informed the respondent of his statutory rights.

■ Accordingly, the issue of whether Dr. Reddy had properly admonished respondent prior to examining him was not timely raised. The court had no occasion to determine whether the admonitions had been given. It may well be that they had not because a portion of Dr. Reddy's certificate of examination, filed of record, contained an affidavit by an employee of the Department stating that the affiant had given the admonitions, in the form required by statute, to respondent before the examination. However, if Dr. Reddy had failed to give the admonitions and the issue had been timely raised by a motion to suppress, the petitioner would have had an opportunity to call another psychiatrist who had in fact examined respondent and had in fact made affidavit of personally admonishing respondent as required.

■ ■ Respondent's claim of lack of effective assistance of counsel is based upon his counsel's failure to cross-examine petitioner's witnesses or to object to the testimony of Dr. Reddy and petitioner. However, appellate review of a trial counsel's competency does not extend to areas involving the exercise of judgment, discretion, or trial strategy. (*People v. Abrams* (1972), 8 Ill. App. 3d 636, 291 N.E.2d 16.) Given the weight of evidence presented by petitioner, counsel may well have decided that cross-examination would only strengthen petitioner's case. He might also have concluded that objecting to Dr. Reddy's testimony would have only brought about testimony by Dr. Conran, the other examining psychiatrist. The certificate filed by Dr. Conran was comparable to that filed by Dr. Reddy. As a result, we conclude that it is not shown that respondent received ineffective assistance of counsel.

■ Finally, respondent points out that sections 3—814 and 3—902(c) of the Code (Ill. Rev. Stat. 1981, ch. 91½, pars. 3—814, 3—902(c)) provide for the facility director to file a certain treatment plan for a patient with the court within 30 days after admission to hospitalization and to take certain action when a patient is discharged. He claims that compliance has not been made with those provisions. We have no knowledge of any theory whereby an order for hospitalization can be upset for failure of Department personnel to take subsequent action required by statute. Furthermore, the trial court record presented does not cover entries subsequent to the notice of appeal. We find no merit in this contention.

For the reasons stated, we affirm.

Affirmed.

WEBBER, P.J., and TRAPP, J., concur.