*In re* SHERRIE G. HIGHTSHOE (The People of the State of Illinois, Petitioner-Appellee, v. Sherrie G. Hightshoe, Respondent-Appellant).

Fourth District   No. 4—86—0572

Opinion filed May 14, 1987.

Jeff Plesko and Maureen M. McCord, both of Guardianship & Advocacy Commission, of Champaign, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Respondent appeals a finding that she was a person subject to involuntary commitment pursuant to the Mental Health and Developmental Disabilities Code (Code) (Ill. Rev. Stat. 1985, ch. 91½, par. 1—101 *et seq.*). She argues that the trial court committed reversible error in failing to determine whether one of the certifying physicians was qualified to practice medicine in Illinois (Ill. Rev. Stat. 1985, ch. 91½,

pars. 1—120, 3—702, 3—703) and that the State failed to establish by clear and convincing evidence that she is a person subject to involuntary commitment (Ill. Rev. Stat. 1985, ch. 91½, par. 3—808).

Respondent left Adolf Meyer Zone Center (Adolf Meyer), where she was hospitalized. Four days later, she was found in a severely beaten condition in Salt Lake City, Utah. She was transferred to Terre Haute Regional Hospital in Indiana. On August 16, 1986, respondent's mother filed a petition seeking involuntary admission of respondent to a mental health facility. The medical certificate accompanying the petition states that the doctor examined respondent at the Terre Haute facility. Based upon his examination, he concluded that respondent was mentally ill and unable to guard herself from harm. A factual basis for the diagnosis was included. However, the signature on the certificate is not legible. A second certificate was completed by Dr. Morton Tabin, a psychiatrist at Adolf Meyer.

The court set the matter for hearing. At the hearing, Tabin testified that respondent is a drug abuser who has a character disorder which is classified in the DSM-III. Although he disagreed with the broad formulation of categories of mental illness, he agreed that respondent's substance abuse and character disorder made her a mentally ill person who could not guard herself from harm. Adolf Meyer was the only option available because respondent would not cooperate with a voluntary substance-abuse program.

Initially, respondent argues that the trial court erred in proceeding to a hearing without first determining that the physician's certificate which accompanied the petition was signed by a physician qualified to practice in Illinois. Section 3—703 of the Code provides that a petition for involuntary admission must be accompanied by two certificates. One of the certificates may be completed by a physician. (Ill. Rev. Stat. 1985, ch. 91½, par. 3—703.) Section 1—120 of the Code defines "physician" as a person licensed in the State of Illinois to practice medicine. (Ill. Rev. Stat. 1985, ch. 91½, par. 1—120.) Respondent maintains that since there was no showing that the physician whose certificate accompanied the petition was licensed to practice in Illinois, the court erred when it proceeded to a hearing.

We disagree. Respondent did not raise this issue below and urges this court to address the matter under the principles set forth in *In re Macedo* (1986), 150 Ill. App. 3d 673, 502 N.E.2d 72, *In re King* (1986), 148 Ill. App. 3d 741, 499 N.E.2d 1032, and *In re Whittenberg* (1986), 143 Ill. App. 3d 836, 493 N.E.2d 662. In these cases, the court found that where the record clearly demonstrated noncompliance with the relevant statutory provisions, the judgment entered was erroneous and

without effect. The court considered the issues under a doctrine analogous to plain error in criminal adjudications. *In re Whittenberg* (1986), 143 Ill. App. 3d 836, 493 N.E.2d 662.

■ These cases are distinguishable from the instant case. Here, the only indication that the statutory requirements were not complied with is the location of the first examination. It is necessary to speculate that the physician was not qualified. We find that the issue was not raised in a timely fashion below, and any error is not readily apparent from the record. *In re Peterson* (1983), 113 Ill. App. 3d 77, 446 N.E.2d 565.

■ Respondent next argues that the State did not sustain its burden of proving her subject to involuntary commitment by clear and convincing evidence. Specifically, she argues that it was not shown that proof of drug abuse is proof of mental illness nor was it proved that she was unable to guard herself from physical harm. On the facts of this cause, we need not decide whether substance abuse alone is a sufficient basis for involuntary admission. There was clear and convincing evidence that the respondent is a drug abuser. The testimony also shows she was in need of mental treatment and would "come to harm if she isn't in some kind of custody." Dr. Tabin testified, "We have a lady who I would be quite sure that within twenty-four hours of being on the street would be in a coma from any drug that any person would offer her." The evidence is sufficient to sustain the trial court's finding. *People v. Lang* (1986), 113 Ill. 2d 407, 453, 499 N.E.2d 1105, 1128; *In re Rogers* (1985), 133 Ill. App. 3d 524, 478 N.E.2d 1198.

The respondent was mentally ill and unable to provide for her basic physical needs so as to guard herself from serious harm. Additionally, although the proof did not show she would intentionally inflict serious physical harm upon herself, she would, by the use of drugs, place herself in a position to be seriously, physically harmed. We note that a person in respondent's position is afforded protection by the Code. Within seven days of admission she must be examined and a social investigation prepared. The purpose of the examination is to determine if a better program is available that will meet the respondent's needs. (Ill. Rev. Stat. 1985, ch. 91½, par. 1—119.) Second, within three days of admission, a treatment plan directed toward meeting the recipient's needs must be formulated. Ill. Rev. Stat. 1985, ch. 91½, par. 3—209.

For the above reasons we affirm the trial court.

Affirmed.

SPITZ, P.J., and KNECHT, J., concur.