*In re* JOANNE INGERSOLL, Asserted to be a Person Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. JoAnne Ingersoll, Respondent-Appellant).

Third District   No. 3—88—0660

Opinion filed September 5, 1989.—Rehearing denied October 16, 1989.

.

Jeff Plesko, of Legal Advocacy Service, of Carbondale, and Guardianship & Advocacy Commission, of Peoria (Cynthia Z. Tracy, of counsel), for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

The respondent, JoAnne Ingersoll, appeals the trial court's order involuntarily admitting her to the Department of Mental Health and Developmental Disabilities (DMHDD).

The State of Illinois filed a petition to involuntarily admit the respondent to the DMHDD on August 31, 1988, following her summary admission thereto earlier in August of that year. The State alleged that she suffered from mental illness and was unable to provide for her basic physical needs so as to keep herself from harm. More specif-

ically, it was alleged that the respondent was unkempt, uncooperative, argumentative, confused, alcohol dependent, and emphysematous. In addition, she refused medication and suffered from a bipolar disorder which caused her to exhibit a "looseness of association and pressured speech." Finally, the State claimed respondent was homeless, insolvent, and lacked familial contact.

A certified social worker examined the respondent on August 30, 1988, and submitted a medical certificate which indicated that respondent is mentally ill, reasonably expected to seriously injure herself or someone else, and is otherwise endangered by her inability to provide for her basic physical needs. This social worker based her opinion on several factors, including respondent's psychiatric and alcoholic history, her speech pattern, her lack of future plans, her physical problems, her refusal of medication and placement, and minimal family support.

A staff physician reiterated the same allegations in her certified written statement. She later testified that respondent had been previously admitted to Zeller Mental Health Center, was living in her automobile prior to this admission to Zeller, and exhibited agitation, hostility, sarcasm, hallucinations, rambling, confusion, delusions, physical ailments, and grandiosity. The physician stated that in her opinion, this condition could worsen if she were not properly treated and if she failed to take medication. This doctor recommended three to four weeks of mental health hospitalization to physically and mentally stabilize her and to eliminate or minimize her disability.

The respondent requested a discharge stating she had income, transportation, and could care for herself. In addition, she had a friend who would help her get settled, look for an apartment, and assist her with her financial affairs and various needs. Her friend testified to the same.

The trial court found that respondent's mental illness endangered her by inhibiting her ability to care for herself, so she was involuntarily admitted to Zeller. It is that decision from which respondent appeals.

The respondent contends she was denied certain procedural safeguards and that denial deprived the trial court of jurisdiction. Specifically, she alleges that her discharge request should have been attached to the State's petition and the certificates submitted in support of the State's petition were inadequate and therefore legally deficient.

■ The respondent did not complain or raise the issue regarding the failure of the State to attach her discharge request to its petition at the hearing or subsequent thereto. Therefore, this issue shall be

deemed waived for purposes of this appeal. However, there is no question the court was advised and aware the respondent desired to be discharged; her discharge request was referred to in the State's petition and attached certificates and during her testimony. Regardless of the existence of her discharge request, the trial judge determined there was sufficient evidence to warrant her involuntary admission to the DMHDD.

■ The respondent also contends that the certificates accompanying the State's petition were legally insufficient. In support thereof, the respondent first claims the certificate of the social worker does not indicate whether she provided the respondent with her rights under section 3—208 of the Mental Health and Developmental Disabilities Code (hereinafter the Code) (Ill. Rev. Stat. 1987, ch. 91½, par. 3—208). This section provides that when a person examines an individual for certification, the examiner shall inform the examinee in a clear, simple manner of the purpose of the examination and, further, that the examinee does not have to talk to the examiner. If the examinee has not been so informed, the examiner shall not be permitted to testify at a subsequent hearing regarding respondent's admission. This section does not indicate the examiner may not file a certificate; rather, it provides one remedy, which is that the examiner may not testify about respondent's admissions at trial. (*People v. Pritchett* (1986), 148 Ill. App. 3d 746, 499 N.E.2d 1029.) Therefore, the certificate submitted by the social worker was properly filed and could be considered by the trial court in adjudicating respondent's condition *vis-a-vis* the State's petition.

■ The respondent also argues that the certificate of the social worker is insufficient because the social worker is not a clinical psychologist. This issue also was not raised at the hearing; therefore, it can be deemed waived. The respondent's contention also fails on the merits. The definition of a qualified social examiner includes a clinical social worker. (Ill. Rev. Stat. 1987, ch. 91½, par. 1—122.) The certificate filed by the social worker identifies her as a *certified* social worker. There was otherwise sufficient evidence presented that if any error occurred at this phase of the proceeding, it was harmless and did not alter the trial judge's decision.

■ The respondent next complains the certificate submitted by the staff physician was insufficient because the Code requires that one of the certificates in support of the petition for involuntary admission be completed by a psychiatrist and neither certificate was so completed. (Ill. Rev. Stat. 1987, ch. 91½, par. 3—703.) The respondent claims this staff physician was not a psychiatrist within the meaning

of the Code. The Code provides that the term "psychiatrist" includes a physician who has at least three years of formal training in the diagnosis and treatment of mental illness. (Ill. Rev. Stat. 1987, ch. 91½, par. 1—121.) At the hearing, the respondent stipulated to the physician's qualifications, and thereby, in effect, waived this issue. (*In re Hightshoe* (1987), 155 Ill. App. 3d 371, 508 N.E.2d 488.) Even if the medical certificate of the staff physician was technically deficient because she was not a doctor specializing in psychiatry, the error was harmless due to the abundance and quality of the substantive evidence presented on behalf of the State. The trial court was not therefore deprived of jurisdiction. Technical deficiencies in medical certificates accompanying a petition for involuntary admission do not affect the trial court's jurisdiction. (*In re Wheeler* (1987), 152 Ill. App. 3d 371, 504 N.E.2d 524.) The trial judge had the authority to hear this case.

■■ ■ The respondent lastly contends the trial court erroneously found her subject to involuntary admission. An individual is subject to involuntary admission if the State establishes by clear and convincing evidence that a person is mentally ill and, because of that illness, she is unable to provide for her basic needs so as to guard herself from serious harm. (Ill. Rev. Stat. 1987, ch. 91½, par. 3—808.) This illness must prevent her from caring for her basic physical needs by substantially impairing her thought process, perception of reality, emotional stability, judgment, behavior, or ability to cope with life's ordinary demands. (*People v. Lang* (1986), 113 Ill. 2d 407, 498 N.E.2d 1105.) These premises must be established by an adequate medical opinion. (*In re Williams* (1987), 151 Ill. App. 3d 911, 503 N.E.2d 816.) "Adequate" means that at least one examining psychiatrist or clinical psychologist testifies explicitly that respondent is reasonably expected to harm himself. (Ill. Rev. Stat. 1987, ch. 91½, par. 3—807.) The certified social worker and staff physician both symptomatically found the respondent to be suffering from a mental disorder; therefore, the trial court did not abuse its discretion in finding her subject to involuntary admission to the DMHDD.

■ When diagnosing and treating a mental health disorder, it is difficult to determine, diagnose, and treat the disorder because there are so many different abstract signs exhibited by those believed to be afflicted. This is a highly specialized area of medicine which is better left to the experts, who are the most knowledgeable sources of the different diagnoses, treatment, and prognoses. In the absence of a reason to the contrary, this physician's diagnosis and treatment plan of hospitalization should be given credence and followed. The trial judge was able to determine the same after he observed the respond-

ent's appearance and demeanor and listened to her testimony at the hearing. The trial judge was in a superior position to assess the same and rule accordingly.

■ The evidence was sufficient, medically and legally, to involuntarily admit the respondent to DMHDD; therefore, the trial judge did not abuse his discretion in so ruling. It is not necessary that someone harm herself or another before being subject to involuntary admission. (*In re Haber* (1979), 78 Ill. App. 3d 1120, 398 N.E.2d 121.) In other words, the threat of harm is sufficient to involuntarily admit one legitimately believed to suffer from a serious mental health disability.

Based on the foregoing, the circuit court of Peoria County is hereby affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.