NOTICE

Decision filed 08/16/06. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-05-0154

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| *In re* HANNAH C., Alleged to Be a Person Subject to Involuntary Admission | ) Appeal from the Circuit Court of ) Madison County. |
| | ) |
| (The People of the State of Illinois, Petitioner- Appellee, v. Hannah C., Respondent- Appellant). | ) No. 05-MH-03 ) ) Honorable Clarence W. Harrison II, ) Judge, presiding. |

_____

JUSTICE GOLDENHERSH delivered the opinion of the court:

The State filed a petition for the involuntary treatment of Hannah C., a patient at the Gateway Regional Medical Center. After a hearing, the circuit court of Madison County found that Hannah C. was subject to involuntary treatment under the Mental Health and Developmental Disabilities Code (Code) (405 ILCS 5/2-107.1 (West 2004)). Hannah C. raises numerous issues on appeal, including whether the trial court erred by selectively authorizing only a part of her treatment plan. We reverse.

Hannah C. makes several unconvincing arguments. Contrary to Hannah C.'s contention, the record indicates that she had sufficient actual notice of the petition and that she did not suffer prejudice from the denial of a continuance. See *In re R.W.*, 332 Ill. App. 3d 901, 905, 775 N.E.2d 602, 605 (2002); *cf. In re Jill R.*, 336 Ill. App. 3d 956, 962-64, 785 N.E.2d 46, 51-52 (2003). Furthermore, the record contains clear and convincing evidence that Hannah C. was a candidate for involuntary treatment. See 405 ILCS 5/2-107.1 (West 2004). The court was presented with testimony from a psychiatrist calling for the involuntary administration of treatment. The court also observed Hannah C. From this record, the court could easily determine that Hannah C.'s ability to function was deteriorating and that she

1

exhibited threatening behavior. See 405 ILCS 5/2-107.1(a-5)(4)(B) (West 2004); *In re Gwendolyn N.*, 326 Ill. App. 3d 427, 428, 760 N.E.2d 575, 576 (2001); *In re Perona*, 294 Ill. App. 3d 755, 766, 690 N.E.2d 1058, 1066 (1998). The involuntary administration of treatment would not violate Hannah C.'s rights, because her health was at risk and she was a danger to others. See *In re Robert S.*, 213 Ill. 2d 30, 47, 820 N.E.2d 424, 434 (2004); *In re C.E.*, 161 Ill. 2d 200, 213, 641 N.E.2d 345, 351 (1994); *Washington v. Harper*, 494 U.S. 210, 221, 108 L. Ed. 2d 178, 198, 110 S. Ct. 1028, 1036 (1990).

The court did err, however, in the order for treatment. The court ordered the administration of psychotropic medications but struck a part of the treatment plan sought in the petition. The petition and affidavit for involuntary admission requested the administration of specific dosages of Risperdal and, if ineffective, then Haldol. The court struck the alternative of Haldol. The Illinois Supreme Court has proscribed such selective authorization of a treatment plan. *In re Mary Ann P.*, 202 Ill. 2d 393, 405, 781 N.E.2d 237, 244 (2002), *overruling In re Nancy M.*, 317 Ill. App. 3d 167, 178, 739 N.E.2d 607, 616 (2000).

In *In re Mary Ann P.*, the petition listed six different medications. Zeprexa was listed as the first choice. Five other medications, including Haldol, were listed as alternatives. A jury returned a general verdict for involuntary treatment. The appellate court reversed, finding that the jury was required to specify in its verdict form which medications it deemed more beneficial than harmful. The supreme court reversed the appellate court. *In re Mary Ann P.*, 202 Ill. 2d at 414, 781 N.E.2d at 249.

The supreme court rejected the practice of selective authorization. *In re Mary Ann P.*, 202 Ill. 2d at 405, 781 N.E.2d at 244. The court found this to be a matter of statutory construction. Under the Code, the involuntary administration of treatment may only be authorized when there is clear and convincing evidence "[t]hat the benefits of the treatment

2

outweigh the harm." 405 ILCS 5/2-107.1(a-5)(4)(D) (West 2004). The court held that the fact finder should weigh the benefits of the treatment plan as a whole and not evaluate the specific medications in each plan. The court found that selective authorization was contrary to the legislative history and plain language of the Code:

"Nothing in the language of section 2-107.1 indicates that where the treatment involves more than one medication, the legislature intended the jury to parse the treatment and choose among the various medications. Similarly, nothing in the language of section 2-107.1 indicates that the legislature intended treatment orders to authorize something less than what the treating physician has prescribed. Accordingly, where, as here, the recommended treatment consists of multiple medications–some to be administered alternatively, some to be administered in combination, and some to be administered only as needed to counter side effects–it is only this treatment, in its entirety, that may be authorized." *In re Mary Ann P.*, 202 Ill. 2d at 405-06, 781 N.E.2d at 245.

The court also observed that selective authorization contravenes public policy, stating: "Construing the statute to permit selective authorization of only certain medications would permit the jury to substitute a treatment different from the one recommended by the testifying physician and set forth in the petition. As this court has recognized, however, the diagnosis and treatment of mental health disorders is a ' "highly specialized area of medicine which is better left to the experts." ' [*In re*] *C.E.*, 161 Ill. 2d at 229[, 641 N.E.2d at 358], quoting *In re Ingersoll*, 188 Ill. App. 3d 364, 368[, 544 N.E.2d 409, 412] (1989). Indeed, section 2-107.1 vests the physician authorized to administer the involuntary treatment 'complete discretion' *not* to administer the treatment. 405 ILCS 5/2-107.1(a-5)(6) (West 2000). It is thus not for the trial court or the jury to 'develop a course of treatment and then dictate that course to the treating

3

physician. That would constitute role reversal.' *In re Gwendolyn N.*, 326 Ill. App. 3d 427, 431[, 760 N.E.2d 575, 579] (2001). In the words of *amici curiae*, allowing the layperson jury to determine which of the various medications should be involuntarily administered 'dangerously approaches the practice of medicine.' Certainly the legislature could not have intended such an unreasonable result." (Emphasis in original.) *In re Mary Ann P.*, 202 Ill. 2d at 406, 781 N.E.2d at 245.

The State points out that the stance taken by Hannah C. is contrary to the position of the respondent in *In re Mary Ann P.* In *In re Mary Ann P.*, the respondent was calling for mandatory selective authorization, whereas the State was asserting that a general verdict was sufficient. In this case, Hannah C. is criticizing selective authorization and the State is advocating its benefits. We are aware of the irony that Hannah C. is challenging an order that appears to be less intrusive than the treatment requested by the State. Nonetheless, we find that *In re Mary Ann P.* controls our decision.

We hold that the factual distinctions from *In re Mary Ann P.* are irrelevant. The directive of *In re Mary Ann P.* is clear: courts should not engage in selective authorization. The language of the Code is the same regardless of whether the State or a respondent raises the issue of selective authorization. And although the treatment plan in the court's order could arguably be seen as less intrusive than the treatment plan requested in the petition, *In re Mary Ann P.* makes clear that the institutionalized are best protected by leaving the scope of treatment plans to medical practitioners rather than lay people.

Similarly, the fact that Haldol was listed as an alternative in the petition does not affect our decision. In *In re Mary Ann P.*, the treatment plan also had a first choice and alternatives. The supreme court saw no consequence in this classification. The court stated that even though some medication was "to be administered alternatively," "it is only this treatment, in its entirety, that may be authorized." *In re Mary Ann P.*, 202 Ill. 2d at 405, 405-

4

06, 781 N.E.2d at 245, 245.

We are compelled to address this case despite the fact the trial court's order has expired. Although neither party raises the issue, this case is moot. Nonetheless, we find that the public-interest exception calls for our review. *In re Louis S.*, 361 Ill. App. 3d 774, 777, 838 N.E.2d 226, 230 (2005). Similar to *In re Mary Ann P.*, this case raises a question of a public nature that is likely to recur. *In re Mary Ann P.*, 202 Ill. 2d at 402, 781 N.E.2d at 242; see *In re John R.*, 339 Ill. App. 3d 778, 785, 792 N.E.2d 350, 356 (2003). The final criterion for the application of the public-interest exception is the desirability of an authoritative determination for the purpose of guiding public officers. *In re Louis S.*, 361 Ill. App. 3d at 777, 838 N.E.2d at 230. By addressing this case, we hope to eliminate any confusion caused by a respondent contesting selective authorization. In light of the pronouncements made in *In re Mary Ann P.*, there should be no distinction based on which party is contesting selective authorization. Public policy and the language of the Code instruct us against selective authorization, no matter which party complains on appeal.

*In re Mary Ann P.* dictates our decision. The supreme court found that selective authorization is contrary to the plain language and legislative history of the Code. The court denounced selective authorization as dangerously approaching the practice of medicine.

Accordingly, the judgment of the circuit court of Madison County is hereby reversed.

Reversed.

McGLYNN and WELCH, JJ., concur.

5

NO. 5-05-0154

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| *In re* HANNAH C., Alleged to Be a Person Subject to Involuntary Admission | ) Appeal from the Circuit Court of<br>) Madison County.<br>) |
| (The People of the State of Illinois, Petitioner-Appellee, v. Hannah C., Respondent-Appellant). | ) No. 05-MH-03<br>)<br>) Honorable Clarence W. Harrison II,<br>) Judge, presiding. |

_____

**Opinion Filed**:    August 16, 2006

_____

**Justices**:    Honorable Richard P. Goldenhersh, J.

Honorable Stephen P. McGlynn, J., and
Honorable Thomas M. Welch, J.,
Concur

_____

**Attorney for Appellant**    Anthony E. Rothert, Staff Attorney, Legal Advocacy Service, Guardianship and Advocacy Commission, Metro East Regional Office, 4500 College Avenue, Suite 100, Alton, IL 62002

_____

**Attorneys for Appellee**    Hon. William A. Mudge, State's Attorney, Madison County Courthouse, 157 N. Main Street, Edwardsville, IL 62025; Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, Sharon Shanahan, Contract Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 E. Illinois Hwy. 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864

_____