*In re* ROBERT COCHRAN (The People of the State of Illinois, Petitioner-Appellee, v. Robert Cochran, Respondent-Appellant).

Fifth District   No. 5—84—0805

Opinion filed December 18, 1985.

Kathy J. Geer, of Guardianship & Advocacy Commission, of Carbondale, for appellant.

H. Wesley Wilkins, State's Attorney, of Jonesboro (Kenneth R. Boyle, Stephen E. Norris, and Susan M. Young, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Respondent, Robert Cochran, appeals from an order of the circuit court of Union County finding respondent to be a person subject to involuntary admission pursuant to section 1—119 of the Mental Health and Developmental Disabilities Code. Ill. Rev. Stat. 1983, ch. 91½, par. 1—119.

The issue presented is whether the State proved the respondent to be a person subject to involuntary admission by clear and convincing evidence as required by section 3—808 of the Code (Ill. Rev. Stat. 1983, ch. 91½, par. 3—808). While it could be asserted that this issue is moot since respondent was released after a brief period from the mental health facility, generally the mootness doctrine is not applicable to involuntary admission cases because of the collateral legal consequences which survive the expiration of an order for involuntary admission. *In re Hays* (1984), 102 Ill. 2d 314, 317, 465 N.E.2d 98, 99.

Section 1—119 of the Mental Health and Developmental Disabilities Code defines a person subject to involuntary admission as a person who is mentally ill and who because of his illness is reasonably expected to inflict serious physical harm upon himself or another or is unable to provide for his basic physical needs so as to guard himself from serious harm. Ill. Rev. Stat. 1983, ch. 91½, par. 1—119.

While the parties do not dispute the finding of mental illness, respondent contends that the State did not establish by clear and convincing evidence that because of his illness respondent could reasonably be expected to inflict serious harm upon himself or another or that he was unable to provide for his basic needs so as to guard himself from serious harm. We note that the State does not contend that respondent was proved to be unable to provide for his basic needs (Ill.

Rev. Stat. 1983, ch. 91½, par. 1—119(2)), but maintains that it established that respondent could reasonably be expected to harm himself or another person (Ill. Rev. Stat. 1983, ch. 91½, par. 1—119(1)).

A petition for involuntary admission was filed on October 31, 1984 (Ill. Rev. Stat. 1983, ch. 91½, par. 3—701), and was accompanied by two physicians' certificates asserting that respondent was subject to involuntary admission (Ill. Rev. Stat. 1983, ch. 91½, par. 3—702). However, none of these individuals testified at the hearing on the petition.

The sole witness for the State was a psychologist employed at the mental health facility where respondent had been admitted. The psychologist had examined respondent on one occasion and diagnosed him as suffering from paranoid schizophrenia. The basis for that diagnosis was respondent's statements that he would destroy the psychologist by exposing him as an instrument of the devil, that he believed there was a conspiracy against him, and the psychologist's conclusion that respondent had religious delusions.

■ While this testimony may establish that respondent is mentally ill, there is a dearth of evidence in the record establishing that respondent could reasonably be expected to harm himself or anyone else. We recognize that the medical science of predicting future dangerousness is inexact (*In re Johnston* (1983), 118 Ill. App. 3d 214, 218, 454 N.E.2d 840, 843), and that a court is not required to wait until respondent harms himself or another before ordering involuntary admission (*In re Janovitz* (1980), 82 Ill. App. 3d 916, 921, 403 N.E.2d 583, 587). However, of primary concern in an involuntary admission proceeding is the right of the individual to be free from unjustified and unreasonable confinement. (*People v. Bradley* (1974), 22 Ill. App. 3d 1076, 1083, 318 N.E.2d 267, 272.) Consequently, in order to meet its burden of proof, the State must proffer explicit medical testimony asserting that as a direct result of mental illness, the respondent can reasonably be expected to harm himself or another. (*In re Love* (1977), 48 Ill. App. 3d 517, 520, 363 N.E.2d 21, 24.) Both the facts upon which the medical opinion is based and the medical testimony upon which the decision to admit is based must be established by clear and convincing evidence. *People v. Sansone* (1974), 18 Ill. App. 3d 315, 326, 309 N.E.2d 733, 741.

In the present case, the testifying psychologist merely stated that he felt respondent was potentially dangerous to others. On cross-examination, the witness stated that respondent was unable to guard for his personal safety because he had delusions of grandeur and was unable to carry on a conversation without the delusions. When ques-

tioned about an incident in the mental health facility in which respondent allegedly struck the hand of a nurse who had brought respondent his medication, the psychologist stated that he had not seen the incident but speculated that the nurse was insisting that respondent take the medication.

Respondent testified that he did not strike the nurse and was only attempting to knock the medication out of the nurse's hand because he did not want to be forced to take it. Furthermore, respondent stated he would never harm anyone. Respondent was employed as a dishwasher and was attending college at the time of his involuntary admission. He felt he was able to take care of himself and upon release intended to return to his apartment and continue his education.

■ The State's case must rise or fall on the testimony of the psychologist. (*In re Dieter* (1977), 55 Ill. App. 3d 7, 13, 370 N.E.2d 84, 88.) Yet, that witness was never asked the factual basis for his opinion that respondent was potentially dangerous to others. With regard to the single incident of alleged violent behavior, the psychologist's speculation that the nurse was insisting that respondent take the medication did not contradict respondent's version of the incident. This isolated occurrence in which respondent was merely exercising his right to refuse medication is insufficient to support a finding that respondent could reasonably be expected to cause himself or another person serious physical harm. Therefore, the only evidence to support the State's position is respondent's religious delusions.

In *In re Mazzara* (1985), 133 Ill. App. 3d 146, 478 N.E.2d 567, the court upheld the involuntary admission of respondent where "the only evidence introduced by the State which tended to prove that respondent could reasonably be expected to harm himself or another in the near future was the testimony of [the examining psychiatrist] and the letters written by the respondent to the Paynes." (133 Ill. App. 3d 146, 149, 478 N.E.2d 567, 569.) However, as noted in the dissent, the letters referred to evinced delusional thought, yet they contained no evidence of threats or intimidation. (133 Ill. App. 3d 146, 152, 478 N.E.2d 567, 571 (Weber, J., dissenting).) The dissent in *Mazzara,* in accord with the facts present here, disagreed with the decision to uphold respondent's involuntary admission: "The majority pays lip service to the burden of proof, clear and convincing evidence, but places its imprimatur on restraint when the only evidence is that of delusional thoughts and not a scintilla of evidence of real or potential harm to the respondent or others." 133 Ill. App. 3d 146, 151, 478 N.E.2d 567, 570 (Weber, J., dissenting).

■ We agree with the dissent in *Mazzara,* and decline to uphold

respondent's involuntary admission where the only evidence is that of delusions. As in *Mazzara*, the individual who signed the petition for respondent's involuntary admission and who was an eyewitness to an alleged incident of violent behavior did not testify at the hearing. (*In re Mazzara* (1985), 133 Ill. App. 3d 146, 152, 478 N.E.2d 567, 571 (Weber, J., dissenting).) The policy of this State is that restraint must be the last option. (133 Ill. App. 3d 146, 151, 478 N.E.2d 567, 570.) While the psychologist testified that respondent had religious delusions, the State failed to establish that because of such delusions respondent could reasonably be expected to inflict serious physical harm upon himself or another.

Therefore we hold that the State did not establish by clear and convincing evidence that respondent was subject to involuntary admission. The order of the circuit court of Union County finding respondent subject to involuntary admission is reversed.

Reversed.

KASSERMAN, P.J., and WELCH, J., concur.